GLORIA COOK, CONSERVATRIX (ESTATE OF DORINDA LEONARD) v. JAMES F. TURNER ET AL.
(14254)

PETERS, C. J., SHEA, CALLAHAN, GLASS and BORDEN, Js.

---

642

Argued May 29—decision released July 23, 1991

*Mark D. Malley,* with whom were *Richard D. Gilland, Jr.,* and, on the brief, *Richard D. Gilland,* for the appellant (plaintiff).

*James E. Kernan,* with whom was *Allisan Lee Adams,* for the appellee (defendant town of Litchfield).

PER CURIAM. In this action the plaintiff, Gloria Cook, conservatrix of Dorinda Leonard, sought damages from the defendant town of Litchfield for personal injuries sustained by Leonard on October 3, 1986, when the vehicle she was driving went off a town road and struck a telephone pole.[1] The complaint, as amended, alleged that the town had resurfaced and oiled the road a short

---

[1] The original complaint alleged negligence against James F. Turner, the owner of the vehicle that Dorinda Leonard had been driving, and also against the town of Litchfield. At the time the motion to strike was granted, the complaint had been amended to remove the allegations of negligence against Turner, although he was referred to as a "defendant" and the file does not contain a withdrawal of the action against him. The original allegations of negligence against the town of Litchfield had also been converted to allegations of nuisance based upon the facts set forth in the original complaint.

time before the accident in such a manner as to create an extremely slippery and dangerous surface, which constituted a nuisance and had caused the vehicle operated by Leonard to go out of control. The town filed a motion to strike, which the trial court granted on the ground that General Statutes § 52-557n bars any action for injury to person or property caused by a defective road unless it is brought pursuant to General Statutes § 13a-149. That section imposes liability on a town for damages caused by means of a defective road or bridge when the town was "bound to keep it in repair." After the plaintiff had failed to amend her complaint, the court rendered a final judgment for the town. See Practice Book § 157.

In her appeal from the judgment, the plaintiff raises only a single issue, whether § 52-557n eliminates the common law action for an absolute nuisance created by positive acts of a municipality upon a public highway and makes § 13a-149 the exclusive remedy against a municipality for any injury caused by a defective highway. Having concluded recently in *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 592 A.2d 912 (1991), that § 52-557n bars *any* action based upon a defective highway that has not been brought pursuant to § 13a-149, we hold that a common law action for nuisance is barred by § 52-557n and affirm the judgment striking the complaint.

In *Sanzone* we held that the proviso in § 52-557n (a) (1) that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149" applied to "the entire content of subdivision § 52-557n (a) (1), *not merely subdivision (a) (1) (C)*," to which its application was clearest. (Emphasis added.) Id., 190. Subdivision (a) (1) (C) of § 52-557n relates expressly to a common law nuisance

action against a municipality: "acts of the political subdivision which constitute the creation or participation in the creation of a nuisance." The complaint in this case alleges precisely such an action based on the slippery condition caused by resurfacing the road. If the proviso restricting highway defect claimants to the remedy provided by § 13a-149 is to have any application whatsoever, it must be deemed to apply to the nuisance action pleaded by this plaintiff.

In *Sanzone* we also considered the effect of the savings clause, "[e]xcept as otherwise provided by law," with which § 52-557n (a) (1) begins. The plaintiff relies primarily on this clause in arguing that common law nuisance actions are not affected by the statute. We concluded in *Sanzone* that this provision was not intended "to preserve without modification *all* existing law, common and statutory, including such actions for positive nuisance," (emphasis in original) because "[t]he legislature could not have intended the general language of the introductory clause to swallow up and nullify the section's other provisions." Id., 191. We held that the meaning of the word "law" in the savings clause must be limited to state and federal statutes and did not include the common law. Id., 191–92.

The judgment is affirmed.