[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The issue in this case is whether the defective highway statute provides the plaintiffs' exclusive remedy against the City of Derby.
It is submitted that counts two, four and six of the plaintiffs' complaint are barred and that the motion to strike should be granted.
The plaintiffs, Francis Finnucan and Donna Finnucan, sue the City of Derby, the Ansonia/Derby Water Co., and four employees of the City of Derby for injuries they received when the plaintiffs' car collided with a fire hydrant located "in the road." The City of Derby ("defendant") moves to strike counts two, four and six, which respectively sound in nuisance, negligence and indemnification.
The defendant argues that these counts fail to state a legally sufficient cause of action because the defective highway statute, General Statutes 13a-149, provides the exclusive remedy for injuries sustained by means of a defective road or bridge. The plaintiffs argue that because the fact pattern here does not "unquestionably fit the language of the statute as a matter of law" the motion to strike should be denied.
A motion to strike tests the legal sufficiency of the facts alleged in the complaint. Practice Book 152(1).
In Sanzone v. Board of Police Commissioners, 219 Conn. 179,592 A.2d 912 (1991), and in Cook v. Turner, 219 Conn. 641,593 A.2d 504 (1991), the Supreme Court made clear that General Statutes52-557n, on municipal liability, bars all actions, except those under the highway defect statute, against a municipality for property damage or personal injury resulting by means of a defective road or bridge. Sanzone, supra, 192. "Whether . . . the facts alleged would, if true, amount to a highway defect according to [13a-149] is a question of law which may be determined on a motion to strike." Id., 201.
"[A] highway defect is any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result" Citation omitted. Id., 202.
In counts two, four and six of their complaint, the plaintiffs allege that their vehicle "collided with a fire hydrant placed in the traveled portion of the road." (Emphasis added). This factual allegation places their cause of action directly within the CT Page 4133 exclusive remedy of the defective highway statute. It is therefore found that counts two and four, sounding in nuisance and negligence, should be stricken.
Additionally, "52-557n removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under 7-465 (a)." Id., 193. In count six, the plaintiffs seek to collect from the city the money the city would use to indemnify its employees pursuant to 7-465. Therefore count six is barred as well.
It is found that counts two, four and six fail to allege legally sufficient causes of action because the defective highway statute provides the plaintiffs' exclusive remedy. Therefore the court grants the defendant's motion to strike.
WILLIAM J. McGRATH, JUDGE