[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs in this action have filed a twelve count complaint against the Town of Brookfield, its First Selectman, Director of Public Works, Chief of Police, and a captain in the Brookfield Police Department. All twelve counts arise out of and allege a collision between a motor vehicle operated by the plaintiff and a school bus owned by Candlewood Valley Bus Corporation and operated by Eugene Gariepy on Huckleberry Hill Road, a public highway in the Town of Brookfield. Neither the bus owner nor its driver are parties in this case. The plaintiffs claim that the two vehicle collision was caused by the absence of a stop sign at the intersection of Huckleberry Hill Road and Rocky Road. All of the odd numbered counts are for negligence against the Town or Town officials previously mentioned. The third count is based on the municipal highway defect statute, section13a-149 of the General Statutes. The even numbered counts are for loss of consortium by the plaintiff, Paula Sousa, based on injuries sustained in the collision by her husband, Anthony Sousa.
The defendants have filed a motion to strike all twelve counts of the complaint except for the third count. The plaintiffs have agreed to withdraw the fourth count, presumably because Sanzone v. Board of Police Commissioners, 219 Conn. 179, 199, holds that a loss of consortium claim is not available where the underlying cause of action is for violation of the highway defects statute, section 13a-149, which allows recovery only by the injured traveler.
Plaintiffs' counsel has frankly admitted that this is a test case, contending that Sanzone v. Board of Police Commissioners, supra, was wrongfully decided. Since Sanzone was decided less than one year ago, and its holding was confirmed subsequently in Cook v. Turner, 219 Conn. 641,643, this court elects to follow the Supreme Court and concludes that section 52-557n of the General Statutes bars any action based upon a defective highway except for a claim under section 13a-149.
A motion to strike admits all facts well pleaded but CT Page 4731 does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings; the allegations of the complaint are entitled to the same favorable construction a trier would be required to give them in admitting evidence, and if the facts provable under the allegations support a cause of action, the motion to strike must be denied. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 109. This means for purposes of this complaint that the following facts are admitted: (1) the four individual defendants are officers or employees of the Town; (2) the Town and its individual defendants did not have a system for repairing or replacing downed or missing stop signs; (3) the intersection was dangerous and that the absence of a stop sign was a factor in the collision and resulted in injuries to the plaintiff, Anthony Sousa; and (4) there is a derivative claim of loss of consortium.
In Sanzone v. Board of Police Commissioners, supra, the plaintiffs sued a city, its board of police commissioners, members of the board, superintendent of police and a police sergeant for damages allegedly caused by a defective traffic light. There is no material factual difference from this case as to the functions of the defendants and the type of highway defect claimed. In Sanzone, the court held at page 192 that section 52-557n of the General Statutes provides that an action under the highway defect statute, section 13a-149, is a plaintiff's exclusive remedy against a municipality for damages resulting from injury to any person or property by means of a defective road or bridge, and that this precludes an action for damages against a municipality and its officers based on section7-465 (a) of the General Statutes. The court also indicated "section 52-557n removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under section 7-465 (a). There is no reason to believe, however, that the legislature intended to eliminate an injured plaintiff's common law right to seek damages from individual municipal employees." Id., 193.
Whether or not governmental immunity exists for conduct of a municipality, its officers and employees is a question of law. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170; Brown v. Branford, 12 Conn. App. 106,111. At common law, municipal officers were liable for their own torts, but the municipality was not vicariously liable for them. Sanzone v. Board of Police Commissioners, supra, 193. "`[A] municipal employee [however,] has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act . . . . .'" Evon v. Andrews, 211 Conn. 501, CT Page 4732 505; Fraser v. Henninger, 173 Conn. 52, 60. A ministerial act is a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Evon v. Andrews, supra, 505; Gauvin v. New Haven, 187 Conn. 180, 184 . ". . . `Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature.'" Brown v. Branford, supra, 110; Gauvin v. New Haven, supra, 184. Where municipal officials are engaged in discretionary acts, as opposed to ministerial acts, there is qualified immunity, subject to three exceptions: (1) where the circumstances make it apparent to the public officer that failure to act is likely to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; and (3) where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Evon v. Andrews, supra, 505.
The complaint does not allege a factual basis for any of these exceptions. In order for the first exception to apply and give the plaintiff a cause of action, it must be shown that he was both (1) a readily identifiable victim, and (2) subject to imminent harm. Shore v. Stonington,187 Conn. 147, 154; Evon v. Andrews, supra, 508. This narrow exception does not apply because the plaintiff was among many, not specifically identifiable persons who might pass through the intersection, and the lack of a stop sign was not a condition of imminent harm to persons at the intersection even if failure to have a stop sign was negligence on the part of the Town and its employees.
Section 13a-149 creates a statutory cause of action against a municipality for a defective highway, but does not create a cause of action against municipal officers or employees. It is clear that the duty of a municipality, and therefore its employees, to properly maintain a public highway is a governmental function. Replacement and installation of stop signs and a policy to perform such tasks is a discretionary and not a ministerial act. The individual defendants, namely the First Selectman, Director of Public Works, Police Chief and Police Captain, to the extent they had any duty at all to replace stop signs at the intersection, are exempt from personal liability on grounds of qualified governmental immunity.
In Sanzone v. Board of Police Commissioner, supra, 201-203, it was also held that a faulty traffic light is a highway defect within the meaning of section 13a-149. There is no material difference between a traffic light and a stop CT Page 4733 sign, and in fact the Sanzone court favorably cited two cases which reached that conclusion. See Brown v. State Highway Commission, 202 Kan. 1, 444 P.2d 882 (1968); Fretwell v. Chaffin, 652 S.W.2d 755, 756 (Tenn. 1983). The plaintiffs also contend that the Sanzone decision ignored the long line of cases which allow recover against a municipality for a highway defect under the statute only when it is the sole proximate cause of the injury. See White v. Burns, 213 Conn. 307. In Sanzone v. Board of Police Commissioners, supra, 203, the court rejected a claim that alternative theories of liability could not be stricken until it was determined at the time of trial that the cause of action arose from a highway defect. In addition, in Cook v. Turner, supra, 643, it affirmed that section 52-557n
bars any action based upon a defective highway that has not been brought under section 13a-149, including a common law action for nuisance.
The loss of consortium claimed fails because it is derivative from and inextricably attached to the personal injury claim of the injured spouse. Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 563, 564; Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 312; Ladd v. Douglas Trucking Co., 203 Conn. 187, 195. Since the plaintiff husband does not have a cause of action for negligence against the Town or any of its officials under counts 1, 5, 7, 9 and 11, the derivative cause of action of his wife under counts 2, 6, 8, 10 and 12 also fail.
Except for the third count of the complaint, based on section 13a-149, and the fourth count which the plaintiffs have agreed to withdraw, the motion to strike is granted as to the other ten counts of the complaint.
ROBERT A. FULLER, JUDGE