[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 108)
The plaintiff, Mildred Reisel, filed a five count complaint on or about May 1, 1990, seeking to recover for personal injuries suffered as a result of a slip and fall on an allegedly "raised, uneven and deteriorated" sidewalk located in front of a building owned by defendant Bridgeport Garden Apartments, Inc. ("building owner") and managed by defendant Bridgeport Mutual Management Corp. ("building manager"). The complaint also names the City of Bridgeport ("City") and Raymond Gross ("Gross"), Director of Public Works for the City of Bridgeport, as defendants. The incident allegedly occurred on May 4, 1988.
The first count of the plaintiff's complaint alleges a negligence claim against the building owner and the building manager. In the second count, the plaintiff alleges a negligence claim against the City. In the third count, the plaintiff alleges a nuisance claim against the City. The fourth count of the plaintiff's complaint alleges a negligence claim against defendant Gross. In the fifth count, the plaintiff seeks indemnification from the City pursuant to General Statutes7-465 for the alleged negligence (as stated in the fourth count) of defendant Gross, a municipal employee.
On October 25, 1991, the City and Gross filed a motion to strike (docket no. 108) the third, fourth and fifth counts of the plaintiff's complaint along with a memorandum of law. The City moves to strike the third count on the grounds that it is legally insufficient because, pursuant to General Statutes52-557n, no cause of action lies in nuisance for injuries caused by a defective highway, and such a claim must be brought pursuant to General Statutes 13a-149. The City and Gross move to strike the fourth and fifth counts on the grounds that General Statutes 52-557n(a) mandates that a cause of action for injuries caused by a defective highway must be brought pursuant CT Page 8576 to General Statutes 13a-149.
On November 7, 1991, the plaintiff filed an objection to the defendants' motion to strike (docket no. 110), along with a memorandum of law. With respect to the fourth count, the plaintiff contends that by enacting General Statutes 52-557n, the legislature did not intend to eliminate an injured plaintiff's common law right to seek damages from individual municipal employees. With respect to the fifth count, the plaintiff argues that General Statutes 52-557n and 7-465 do not preclude her indemnity claim. The plaintiff makes no argument with respect to the third count.
A motion to strike challenges the legal sufficiency of any complaint . . . to state a claim upon which relief can be granted. Connecticut Practice Book 152(1); Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all facts well pleaded, Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985), which are then construed in the light most favorable to the pleader. Blancato v. Feldspar,203 Conn. 34, 36, 522 A.2d 1235 (1987). In determining whether a motion to strike should be granted, the question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action. King v. Board of Education, 195 Conn. 90,93, 486 A.2d 1111 (1985).
I. THIRD COUNT
In the third count of her complaint, the plaintiff asserts a common law nuisance claim against the City based on the alleged defects in the sidewalks which caused the plaintiff to fall and sustain physical injuries.
General Statutes 52-557n provides in pertinent part that:
 (a)(1) Except as otherwise provided by law, a political subdivision . . . shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; . . . and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to CT Page 8577 section 13a-149 of the General Statutes. (Emphasis added.)
Thus, pursuant to 52-557n, "an action under [13a-149] is a plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person . . . by means of a [defective highway].'" Sanzone v. Board of Police Commissioners, 209 Conn. 179,192, 592 A.2d 912 (1991). Section 52-557n bars any action based upon a defective highway that has not been brought pursuant to 13a-149 (emphasis added). Cook v. Turner,219 Conn. 641, 643, 593 A.2d 504 (1991). Section 13a-149 applies to sidewalks, as well as to roads and bridges. Hornyak v. Town of Fairfield, 185 Conn. 619, 67 A.2d 562 (1949).
The conclusion is inescapable that the third count of the plaintiff's complaint, which sounds in common law nuisance, is barred by 52-557n and, therefore, is legally insufficient. Accordingly, the defendants' motion to strike the third count of the plaintiff's complaint should be and is hereby granted.
II. FOURTH COUNT
The fourth count of the plaintiff's complaint asserts a negligence action against defendant Gross, the Director of Public Works for the City of Bridgeport. The plaintiff alleges that Gross is "responsible for the maintenance, repair and upkeep of the sidewalk" and that Gross' breach of his aforementioned duties proximately caused the plaintiff's injuries.
With respect to individual municipal employees, the Supreme Court has held that:
 . . . There is no reason to believe . . . that the legislature intended to eliminate an injured plaintiff's common law right to seek damages from individual municipal employees. . . . whereas 52-557n(b) immunizes both "political subdivisions" and "any employee, officer or agent acting within the scope of his employment or official duties" from liability in enumerated cases, including certain types of highway defects, 52-557n(a), by contrast, addresses only the liability of "political subdivisions." "A plaintiff's failure to sustain his complaint against the municipality is no reason for turning the plaintiff out of court if he can sustain his complaint against the employee." CT Page 8578 Fraser v. Henninger, [173 Conn. 52, 57, 376 A.2d 406 (1971)]. (Emphasis added.) Sanzone, supra, 193.
Consequently, 52-557n does not bar the plaintiff from asserting a negligence cause of action against a municipal officer or employee whose actual conduct was a proximate cause of the plaintiff's injuries. Therefore, defendants' motion to strike the fourth count of the plaintiff's complaint should be and is hereby denied.
III. FIFTH COUNT
In the fifth count the plaintiff seeks indemnification from the City pursuant to General Statutes 7-465, which provides in pertinent part that:
 (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law . . . for physical damages to person or property, . . . if the employee, at the time of the occurrence . . . was acting in the performance of his duties and within the scope of his employment, and if such occurrence . . . was not the result of any wilful or wanton act of such employee in the discharge of such duty.
Section 52-557n removes torts related to highway defects from the class of torts for which municipal employees or agents may be indemnified under 7-465(a). Sanzone, supra, 193. Since 52-557n precludes an indemnity action pursuant to 7-465, the defendants' motion to strike the fifth count of the plaintiff's complaint should be and is hereby granted.
L. SCOTT MELVILLE, JUDGE CT Page 8579