[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The facts as alleged in the plaintiff's revised amended complaint are as follows. On July 23, 1989, the plaintiff, Robert Crabtree, Jr. ("Crabtree") was operating a motorcycle in the eastbound direction on Hunting Ridge Road in Greenwich. Prior to July 23, 1989, the defendant, Town of Greenwich, ("Greenwich")was resurfacing a portion of Hunting Ridge Road near the juncture with Skyridge Road. As the plaintiff approached the resurfacing area, he encountered loose gravel on the surface of the road and lost control of his motorcycle.
On August 2, 1991, Crabtree filed a three-count complaint against Greenwich. The first count alleges a negligence claim; the second, a nuisance claim, and the third is a statutory action CT Page 11731 pursuant to General Statutes section 13a-149.
On April 28, 1992, the defendant filed a motion to strike the first and second counts on the ground that the foregoing statute provides an exclusive remedy for claims for damages from a defective highway. As of November 2, 1992, Crabtree had filed no papers in opposition to the motion.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
General Statutes section 52-557n(a)(1) provides, in pertinent part, that
 a political subdivision of the state shall be liable for damages to property caused by: (A) the negligent acts or omissions of such political subdivision or any employee, officer or agent thereof . . .; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.[1]
(Emphasis added.) General Statutes section 52-557n(a)(1). The Supreme Court has held that the proviso in section 52-557n(a)(1) applies to "`the entire content of subdivision section 52-557n(a)(1) not merely subdivision (a)(1)(C),' to which its application [is] CT Page 11732 clearest." (Emphasis in original.) Cook v. Turner, 219 Conn. 641,643, 593 A.2d 504 (1991), quoting Sanzone v. Board of Police Commissioners, 219 Conn. 179, 190, 592 A.2d 912 (1991). Section52-557n bars, "in addition to nuisance claims, actions in negligence or for breach of ministerial duty [based upon a defective highway]. . . ." Sanzone, supra 200. Therefore, section 13a-149 is the exclusive remedy for claims based upon a defective highway. Id.
"[W]hether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." (Citation omitted.) Sanzone, supra, 201. "[A] highway defect is "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which from its nature and position, would be likely to produce that result. . . .'" (Citations omitted) Id., 202.
In the first count of his revised, amended complaint, the plaintiff alleges that the defendant, "its agents or employees, . . . negligently caused the surface of the road to be in a dangerous condition. . . ." In the second count, the plaintiff alleges that "[t]he condition of the roadway constituted an intentional or absolute nuisance." Id. Such allegations are clearly based upon a defective highway and sound in negligence and nuisance, respectively. They are barred by section 52-557n(a)(1). Therefore, the motion to strike is granted.
Leheny, J.