[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the Administratrix of the Estate of Thomas Gerlach, has filed a six count revised complaint against the Town of Brookfield and certain of its individual employees seeking damages for her decedent's CT Page 3872 wrongful death as a result of an automobile accident. In the first count, she asserts that on or about January 12, 1988, the decedent was operating a Ford tank truck containing kerosene on North Mountain Road in Brookfield. The vehicle went out of control and collided with a guardrail and/or adjacent rocks on the side of the road. She claims that the decedent's injuries and loss of life were caused by a defective road and has, accordingly, brought an action against the defendant, Town of Brookfield, pursuant to Sec. 13a-149 of the General Statutes, the defective highway statute.
The second count, which is also directed at the Town, would frame a violation of General Statutes, Sec. 13a-152, for failure to maintain a railing. The third count sets forth, inter alia, that the Town (1) designed, maintained or installed an insufficient guardrail for motorists traveling in an easterly direction on North Mountain Road, and (2) erected or maintained an insufficient railing or fence in violation of Secs.13a-111 and/or 13a-152. The described conduct of the Town is said to constitute a public nuisance. The fourth count is brought against the defendant, Bonnie Smith, the defendant municipality's First Selectperson; Ronald Klimas, its director of public works; and its chief of police. It alleges negligence in that one or more of the defendants described above breached a duty of care to plaintiff's decedent.
The fifth count incorporates the claims contained in the fourth and recites that the Town is obligated, pursuant to Sec. 7-465, i.e., to pay all sums on behalf of any employee who is found to be liable under the allegations contained in the fourth count. The sixth count is directed against the Town and/or the individual defendants and recites, inter alia, that the failure of the defendants to close North Mountain Road constituted a reckless disregard for the health or safety of motorists, including the decedent, in violation of Sec. 52-557n(b)(7).
The defendants, Town of Brookfield, Smith and Klimas, have filed a motion to strike counts three through six for the reasons that (1) the plaintiff, in the third count, cannot maintain an action in nuisance; (2) the fourth count, sounding in negligence, is barred by the doctrine of governmental immunity; (3) the fifth count should be stricken as it is derivative of the fourth count; and (4) the plaintiff, in the sixth count, seeks to employ a statute which limits municipal liability.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., CT Page 387339 Conn. Sup. 129, 131. The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91,108. Section 13a-149 provides, in part that any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair.
To prevail on a nuisance claim, a plaintiff must establish that "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the . . . injuries and damages." Tomasso Bros., Inc. v. October Twenty-four, Inc.,221 Conn. 194, 197, quoting Filisko v. Bridgeport Hydraulic Co.,176 Conn. 33, 35-36. Section 521-557n(a)(1) provides in part that except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to Sec. 13a-149.
In count three of her revised amended complaint, the plaintiff alleges that the defendant Town (1) designed, maintained, or installed an insufficient guardrail, and (2) erected or maintained an insufficient railing or fence in violation of General Statutes, Secs. 13a-111 and/or13a-152. This was followed by enumerating the elements of a nuisance claim. The defendants argue that the Supreme Court has previously held that a common law action for nuisance is barred by the operation of Sec. 52-557n, which, according to them, bars any action upon a defective highway that has not been brought pursuant to General Statutes, Sec. 13a-149. Conversely, plaintiff claims that Sec. 52-557n only bars a nuisance claim when brought pursuant to Sec. 13a-149, and since nothing in the plain language of Sec. 52-557n(a) prohibits a nuisance claim when brought because of a defective rail pursuant to Sec. 13-152, the nuisance count is legally cognizable and should be stricken.
"[Section] 52-557n bars any action based upon a defective highway that has not been brought pursuant to Sec. 13a-149, we hold that a common CT Page 3874 law action for nuisance is barred by Sec. 52-557n. . . ." Cook v. Turner,219 Conn. 641, 643. In this proceeding, the plaintiff alleges nuisance based on both common law and a statutory violation of Sec. 13-152. Indeed, in count one, an action pursuant to Sec. 13a-149 has been postulated, and since any action based upon a defective highway that has not been brought pursuant to General Statutes, Sec. 13a-149 is barred; Cook v. Turner, supra; General Statutes, Sec. 13a-149 is the plaintiff's exclusive remedy. The defendants' motion to strike count three is granted.
The defendants postulate that Sec. 52-557n(a)(1) bars the fourth count. They continue by saying that if not barred, if the negligence alleged is in the nature of a discretionary act, governmental immunity protects the named municipal employees. In contrast, the plaintiff responds that based upon twenty-five (25) specific allegations of negligence against the municipal employees, it is impossible to determine as a matter of law at this stage of the cause whether the actions alleged are discretionary or not to determine whether or not immunity would apply. A defective rail as addressed in Sec. 13a-111 is clearly a highway defect as contemplated to Sec. 13a-149. See Smith v. Metro-North Commuter Railroad, 10 Conn. L. Rptr. 481 (January 31, 1994, Martin, J.). Since a defective rail is a highway defect, any action based upon a defective highway that has not been brought pursuant to General Statutes, Sec. 13a-149 is barred. Cook v. Turner, supra. The motion to strike count four is granted.
Section 7-465 provides in pertinent part that any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of Sec. 7-308, and on behalf of any member from such municipality of a local emergency planning district, appointed pursuant to Sec. 22a-601, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty.
The defendants, in essence, repeat their former argument that the plain language of Sec. 52-557n(C) (i.e.) that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149," bars the fifth count. The plaintiff concedes that the defendants' reading CT Page 3875 of Sec. 52-557n is correct. However, she would overcome that by saying that she is not seeking indemnification for those acts which fall within the defective highway statute, but has limited her request for indemnification to those acts falling within the defective rail statute, Sec. 13a-152, supra.
In Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192, the court expressed without equivocation that "[i]n short, we construe Sec. 52-557n to provide that an action under the highway defect statute, Sec. 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge.' It also, therefore, precludes a joint action seeking such damages against a municipality and its officer pursuant to Sec. 7-465(a); otherwise, the proviso in Sec. 52-557n would be stripped of all meaning, for Sec. 7-465(a) would permit a plaintiff to reach the result forbidden by Sec. 52-557n: the imposition of tort liability on a municipality for a highway defect claim." (Footnotes omitted.) A defective rail being a highway defect precluded under Sec. 52-557n a count seeking damages against officers of a municipality pursuant to Sec. 7-465 must clearly fail. The motion to strike the fifth count is granted.
The allegations set forth in the sixth count would claim that the injuries and demise of the decedent were proximately caused by violations of Sec. 52-557n(b)(7), in that one or more of the defendants issued, denied, suspended or revoked, or failed to do the same, as it relates to any approval or order relating to the failure to close North Mountain Road or to forbid its use by that decedent. The argument continues that such authority was not a discretionary function. In the alternative, the argument progresses to say that the foregoing conduct on behalf of the defendants constituted a reckless disregard for the health or safety of motorists, including plaintiff's decedent, who travel eastbound on North Mountain Road. The section relied upon provides that "[n]otwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety. . . ."
The defendants recite that the court should strike the sixth count CT Page 3876 because the plaintiff is alleging violations of a statute which merely defines liability, as opposed to a statute which requires or prohibits certain behavior. It would be nonsensical to conclude that the legislature has barred all defective highway actions unless brought pursuant to Sec. 13a-149, while creating new actions in the second half of the same statute. The response to that assertion is that Sec. 52-557n(b)(7) proscribes liability when the approval or authorization by a political subdivision or its agent is discretionary or reckless. Since the plaintiff has alleged that the approval was not discretionary or reckless, she argues that she has alleged a viable cause of action pursuant to Sec. 52-557n.
When pleading a statutory violation, the plaintiff must plead facts sufficient to bring her within the requirements of the statute. See Michaud v. Community Savings Bank, Superior Court, Judicial District of Hartford/New Britain at Hartford, No. 516024 (March 11, 1993, Walsh, J.). In the present case, the plaintiff cites Sec. 52-557n(b)(7) in the sixth count, but fails to allege specific allegations of wrongful conduct on behalf of the individually named defendants. Alternatively, the plaintiff has failed to allege sufficient facts to support a cause of action based on recklessness, based on a violation of statute. See Minervini v. Pierce, Superior Court, Judicial District of Waterbury, No. 111987 (January 22, 1993, Sylvester, J.). The motion to strike the sixth count is granted.
Moraghan, J.