[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON
[MOTION TO STRIKE]
This is an action against the City of Stamford, its commissioner of public works, police chief, superintendent of highways and a design engineer for failure to maintain a stop sign at the intersection of Pulaski Street and Greenwich Avenue in Stamford. The first count of the complaint is against the City of Stamford under § 13a-149 of the General Statutes. The second count is against the four city officials, who are claimed to have been acting within the scope of their employment as municipal employees or officers. The claims of negligence against those defendants are failure to adequately maintain, inspect and correct a defective CT Page 4921 stop sign at the intersection, which was allegedly turned at such an angle that it was impossible for traffic traveling in a westerly direction on Pulaski Street to see the sign. A motion to strike the second count of complaint has been filed on two grounds: (1) it is barred by § 52-557n of the General Statutes and (2) the defendants George Mayer, the Chief of Police, and Michael Pavia, the Commissioner of Public Works have governmental immunity in that they were performing discretionary or supervisory governmental functions in maintaining stop signs on municipal highways.
A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. [Mingachos v. CBS, Inc.], 196 Conn. 91, 108. The facts alleged in the complaint are construed in the manner most favorable to the pleader, [Blancato v. Feldspar Corp.], 203 Conn. 34,36, and if the facts provable under the allegations support a cause of action the motion to strike must be denied. [Ferryman v. Groton],212 Conn. 138, 142.
The defendants claim that an action against the municipal officials is barred by § 52-557n of the General Statutes, and that actions for defects in municipal highways can only be brought under § 13a-149 of the General Statutes. In [Sanzone v. Board of PoliceCommissioners], 219 Conn. 179, 192 and [Cook v. Turner],219 Conn. 641, 643, was held that § 52-557n of the General Statutes bars any action against a municipality based upon a defective highway, except for a claim under the highway statute, § 13a-149. This would include a joint action for damages against a municipality and a municipal officer under § 7-465 (a) C.G.S. [Sanzone v. Board ofPolice Commissioners], supra, 192. However, the court goes on to state in the [Sanzone] case that § 52-557n does not bar an action against individual municipal officers and employees whose actual conduct was a proximate cause of the injury. Id., 192, 193. The defendants claim that a municipal employee should be protected nevertheless under §§ 7-101a and 7-465 of the General Statutes. Both of these are indemnity statutes whereby the municipality reimburses municipal officials who injure a third party while acting within the scope of their employment, provided the injury was not a wilful or wanton or ultra vires act. A plaintiff bringing a suit under § 7-465 of the General Statutes must prove the legal liability of the employee to the injured party before an action arises to claim damages against the municipality based on its duty to indemnify its municipal employee or officer under that statute. [Wu v. Fairfield], 204 Conn. 435, 438; [Sestitov. Groton], 178 Conn. 520, 527. In [Sanzone v. Board ofCT Page 4922Police Commissioners], supra, 193, the court stated that §52-557n removes torts related to highway defects from the classes of torts for which municipal employees may be indemnified under §7-465(a). Presumably the same concept applies to § 7-101a. The defendant argues various public policy reasons why this is a bad result which leaves municipal employees without indemnification from the municipal employer in the event of negligent conduct in maintaining municipal highways. However, that policy argument must be resolved by the Legislature or by reconsideration of this issue by the Supreme Court. This court is required to follow [Sanzone].
This does not leave municipal officers and employees totally without a remedy. A municipal employee has a qualified immunity in the performance of a governmental duty, but may be liable if he misperforms a ministerial act, as opposed to a discretionary act. [Evon v. Andrews], 211 Conn. 501, 505; [Fraser v. Henninger],173 Conn. 52, 60. A ministerial act is a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. [Evon v. Andrews], supra, 505; [Gauvin v. New Haven], 187 Conn. 180,184. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. Id., 184; [Brown v. Branford], 12 Conn. App. 106, 110. Where a municipal officials are engaged in discretionary acts, as opposed to ministerial acts, there is qualified immunity subject to three exceptions: (1) where the circumstances make it apparent to the public officer that failure to act, is likely to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; and (3) where the alleged acts involve malice, wantonness or intent to injure rather than negligence. [Evon v. Andrews], supra, 505. None of these exceptions apply here. Section 13a-149 creates a statutory cause of action against a municipality for a defective highway, but does not create a cause of action against municipal officers or employees. The identifiable person/imminent harm exception does not apply since the injured plaintiff was among many not specifically identifiable persons who might pass through the intersection, and the lack of a stop sign was not a condition of imminent harm to persons at the intersection, even if failure to have a stop sign was negligence on the part of the town and its employees. [Sousa v. Town of Brookfield], 6 Conn. L. Rptr. 468, 469 (1992).
It is obvious that maintenance of highways is a governmental function of a municipality. The police chief and commissioner of CT Page 4923 public works as municipal officials or employees have qualified immunity in a performance of a governmental duty as long as it is discretionary. [Evon v. Andrews], supra, 505. Whether or not governmental immunity exists for the conduct of a municipality, its officers and employees is a question of law. [Gordon v. BridgeportHousing Authority], 208 Conn. 161, 170; [Brown v. Branford], supra, 111. The issue of governmental immunity can, in a proper case, be raised on a motion to strike. [Evon v. Andrews], supra; [Gordon v. Bridgeport Housing Authority], supra, 170.
In order to recover against the police chief and the commissioner of public works individually, the plaintiff must prove that they had a ministerial duty to maintain the stop sign. The court agrees with the plaintiff that the scope of the duties of the two officials cannot be determined on a motion to strike, and that evidence is required, in spite of §§ C5-20-1 and C5-30-1 of the Stamford Charter which prescribes in general terms the duties of these officials. However, as in [Sousa v. Town of Brookfield], supra, 469, the replacement and installation of stop signs and the methods the municipality uses to carry out that governmental duty is a discretionary rather than a ministerial act.
The plaintiff relies upon § 14-298 of the General Statutes which provides in part that "the traffic authority of any city, town or borough may place and maintain traffic control signals, signs, markings and other safety devices upon the highways under its jurisdiction, and all such signal, devices, signs and markings shall conform to the regulations established by said commission in accordance with" Chapter 249 of the General Statutes. In addition, § 14-298-517 of the State Traffic Commission Regulations states that "signs should be mounted approximately at right angles to the direction of, and facing, the traffic they are intended to serve." Section 14-298-518 provides that all traffic signs should be kept in proper position, be clear and legible at all times, and that damaged signs should be replaced without undue delay. While these regulations impose some requirements and guidelines, how the signs are replaced and repaired, and how quickly repairs occur, like proper maintenance of the highways themselves, depends on numerous factors requiring reasonable exercise of discretion by municipal officials and employees.
The motion to strike the second count of the complaint is granted as to the defendants Pavia and Mayer.
ROBERT A. FULLER, JUDGE CT Page 4924