[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT
The City of Bridgeport, which is one of two defendants, moves for summary judgment on the ground that nuisance actions against municipalities for injuries suffered by reason of defective roads are barred by General Statutes § 52-557n. The issue raised by the parties is whether this court should conclude that two recent decisions of the Supreme Court; Sanzone v. Board of PoliceCommissioners, 219 Conn. 179 (1991) and Cook v. Turner, 219 Conn. 641, (1991); were incorrectly decided. Because these decisions are binding upon this court, the City's motion for summary judgment is granted.
Plaintiff Lois Vertucci alleges that she was injured in a car CT Page 2231 accident that occurred while driving on Main Street in Bridgeport. The accident happened when she attempted to take a left turn. Her view of oncoming traffic was blocked by a sign which had been placed in the center esplanade by the city. After Lois Vertucci crossed the center of the road, she was struck by a car driven by defendant David J. Lindsay. For purposes of this motion, both sides have stipulated there is evidence from which a jury could find that the conduct of David J. Lindsay was a proximate cause of the accident and her injuries. They agree that the injuries suffered by both plaintiffs were not caused solely by reason of a defective highway.
In the first and second counts, the plaintiffs have set forth claims against David J. Lindsay.[1] In the third and fourth counts, the plaintiffs set forth claims against the City of Bridgeport. In the third count, plaintiff Lois Vertucci alleges that the City of Bridgeport is responsible for her injuries because it erected a sign which constitutes a nuisance. In the fourth count, Lois Vertucci's husband alleges a claim for loss of consortium.
The City of Bridgeport argues that the plaintiffs' claims, which are based on the common law action of nuisance, are barred by the doctrine of governmental immunity. In Sanzone v. Board ofPolice Commissioners, supra, the Supreme Court held that the provision in General Statutes § 52-557n(a) which declares that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to § 13a-149" abrogated the common law action of nuisance. The Supreme Court also held that General Statutes § 52-557(n) implicitly bars claims for loss of consortium based on highway defects. In Cookv. Turner, supra, the Supreme Court at page 643 stated the following: "[h]aving concluded recently in Sanzone . . . that § 52-557n bars any action based upon a defective highway that has not been brought pursuant to § 13a-149, we hold that a common law action for nuisance is barred by § 52-557n . . . ."
The plaintiffs argue that Sanzone and Cook were incorrectly decided because the Supreme Court was not directed to the arguments which the plaintiffs now set forth in their brief. "The opinions of the Supreme Court of Connecticut are binding upon the Superior Court, and the rule(s) of [Sanzone and Cook] are clear and explicit. Until [they] are reversed, changed or modified by CT Page 2232 the Supreme Court, this court must follow [these rules]." Montesv. Hartford Hospital, 26 Conn. Sup. 441, 442-43, 226 A.2d 798
(Super.Ct., 1966).
The defendant City of Bridgeport's motion for summary judgment is granted.
THIM, JUDGE