[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 130
On October 17, 1994, the plaintiff, Steven A. Springer, acting in his capacity as Administrator of the Estates of Sheryl S. Springer, Joshua Springer and Amanda Springer, filed an eleven count revised complaint seeking damages for his decedents' deaths as a result of an automobile accident.
The first count is directed at the Town of Brookfield and alleges a violation of General Statutes, Sec. 13a-149, the defective highway statute. The second count is also directed at the Town of Brookfield and alleges a violation of General Statutes, Sec. 13a-152, for failure to erect and maintain railings and/or fences. The third count, again directed at the Town of Brookfield, alleges nuisance. The fourth count is directed against Bonnie Smith, the Town of Brookfield's First Selectperson; John Anderson, its Chief of Police; and Ronald Klimas, its Director of Public Works. That count alleges negligence in that one or more of the individuals described above, in their capacities as officials and/or employees of the Town of Brookfield, were negligent in maintaining the subject highway.
The fifth count incorporates the fourth count in its entirety and further alleges that, pursuant to General Statutes, Sec.7-465, the Town of Brookfield is obligated to pay all sums on behalf of any employee found liable by virtue of the allegations set forth in the fourth count.[1]
The remaining counts are directed against various other CT Page 5963 parties and are not at issue for purposes of this motion.
On October 27, 1994, The Town of Brookfield, Bonnie Smith, John Anderson and Ronald Klimas ("defendants") filed a motion to strike counts two through five of the plaintiff's revised complaint on the ground that these counts are legally insufficient.[1] The defendants have filed a memorandum of law in support of their motion. The plaintiff has filed a memorandum of law in opposition to the defendants' motion.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,131, 471 A.2d 679 (Super.Ct., 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings.Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
COUNTS TWO AND THREE
General Statutes, Sec. 52-557n(a)(1) provides:
 Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
CT Page 5964
In count two of his revised complaint, the plaintiff alleges, inter alia, that the defendant town (1) was required, pursuant to General Statutes, Sec. 13a-111, "to erect or maintain railings and/or fences on the sides of highways"; and (2) is liable, pursuant to General Statutes, Sec. 13a-152, for failing "to erect a railing or fence at the end of Quarry Road. . . ." The fourth count enumerates the elements of a nuisance claim.
In their memorandum of law in support of their motion to strike, the defendants argue that counts two and three fail as a matter of law because General Statutes, Sec. 13a-149, the defective highway statute, is the plaintiff's sole remedy against the defendant town. The defendants rely on Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 592 A.2d 912 (1991); andCook v. Turner, 219 Conn. 641, 593 A.2d 504 (1991) as authority for that proposition.
The plaintiff's entire memorandum in opposition only addresses whether Sanzone and Cook were correctly decided. In fact, the plaintiff framed the issue in the present case as follows:
 The issue raised by the defendant, Town of Brookfield, in this case, requires that this Court review the decisions of the Supreme Court of Connecticut (interpreting CGS 52-557n) in Sanzone v. Board of Police Commissioners of the City of Bridgeport, et al., 219 Conn. 179
(1991) and Cook v. Turner, 219 Conn. 641 (1991) to see if those cases were correctly decided or if, rather, they were based on an incomplete analysis of the exact words used by the legislature in the statute and the then existing law in Connecticut. This Court must also consider the fact that the Supreme Court was not asked to consider another competing line of cases.
In Sanzone, the court expressly stated that "we construe Sec.52-557n to provide that an action under the highway defect statute, Sec. 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board of PoliceCommissioners, supra, 192. Moreover, the court in Cook
subsequently emphasized that "[h]aving concluded recently inSanzone v. Board of Police Commissioners, . . . that Sec. 52-557n
bars any action based upon a defective highway that has not been brought pursuant to Sec. 13a-149, we hold that a common law CT Page 5965 action for nuisance is barred by Sec. 52-557n. . . ." (Emphasis in original.) Cook v. Turner, supra, 643.
In the present case, the plaintiff alleges a statutory violation of General Statutes, Sec. 13a-152 (count two) and a common law nuisance claim (count three). However, in count one, the plaintiff has brought an action pursuant to General Statutes, Sec. 13a-149.
Allegations that a town has failed to erect a railing or fence in violation of section 13a-152 is considered a highway defect. See Gerlach v. Town of Brookfield, 9 CSCR 514 (May 23, 1994, Moraghan, J.). Therefore, since "Sec. 52-557n bars any
action based upon a defective highway that has not been brought pursuant to Sec. 13a-149"; Cook v. Turner, supra, 643; see alsoGerlach v. Town of Brookfield, supra; General Statutes, Sec.13a-149 is the plaintiff's exclusive remedy and the defendants' motion to strike counts two and three is granted.
COUNTS FOUR AND FIVE
In count four of his revised complaint, the plaintiff alleges, inter alia, twelve specific allegations of negligence against the municipal employees. In count five, the plaintiff seeks recovery pursuant to General Statutes, Sec. 7-465, based upon one or more of the specific acts or omissions as set forth in count four.
General Statutes, Sec. 7-465 provides, in pertinent part:
 Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of Sec. 7-308, and on behalf of any member from such municipality of a local emergency planning district, appointed pursuant to Sec. 22a-601, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty.
CT Page 5966
The defendants postulate that counts four and five are insufficient as a matter of law because General Statutes, Sec.52-557n bars actions brought derivatively via General Statutes, Sec. 7-465. General Statutes, Sec. 52-557n "precludes a joint action seeking . . . damages against a municipality and its officer pursuant to Sec. 7-465(a); otherwise, the proviso in Sec.52-557n would be stripped of all meaning, for Sec. 7-465(a) would permit a plaintiff to reach the result forbidden by Sec. 52-557n; the imposition of tort liability on a municipality for a highway defect claim." Sanzone v. Board of Police Commissioners, supra, 192; see also Gerlach v. Town of Brookfield, supra, 9 CSCR 514.
Since the fourth count seeks damages against officers of a municipality pursuant to General Statutes, Sec. 7-465, the defendants' motion to strike counts four and five is granted.
Stodolink, J.