[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #102
The plaintiff has instituted a two count complaint against the City of Waterbury (hereinafter City) claiming a failure to maintain a safe sidewalk and street under C.G.S. § 13a-149
and a common law claim of public nuisance. The defendant has brought this Motion to Strike claiming that the plaintiff has not met the notice requirements under 13a-149 and that 13a-149 is the sole remedy for a highway defect which has preempted any common law nuisance claim.
C.G.S. § 13a-149, the so called defective highway statute, which provides the basis for Count One of the plaintiff's complaint, provides in part that "No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause hereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectmen or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation". The plaintiff has not alleged that this notice as required by that statute was provided the City . . "As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements." Martin v.Plainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997). The plaintiff claim under § 13a-149 is defective and therefore the First Count of the complaint must be stricken.
As to the Second Count of the complaint, General Statutes § 52-557n, which governs the liability of political subdivisions, bars any action for injury to person or property caused by a defective road unless it is brought pursuant to General Statutes § 13a-149. Cook v. Turner, 219 Conn. 641,643, 593 A.2d 504 (1991). "[A]n action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.)Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192,592 A.2d 912 (1991). "[A] common law action for nuisance is therefore CT Page 15328 barred by § 52-557n." Cook v. Turner, supra, 219 Conn. 643. The Second Count which alleges common law nuisance against the City must also fail.
The defendant's Motion to strike Counts One and Two of the complaint is granted.
PELLEGRINO, (J).