[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action comes before the court on the defendant's motion for summary judgment on count three of the plaintiff's complaint alleging a common law cause of action in nuisance. The plaintiff, Yolanda Mode, alleges that she was caused to trip and fall due to CT Page 4624 a raised and uneven slab of concrete in the sidewalk which constituted a nuisance. Count three specifically alleges that the defendant, the Town of Plainville (the Town), caused and/or maintained this dangerous and hazardous condition.
The Town moves for summary judgment on the ground that there are no genuine issues of material fact as to whether the Town performed an affirmative act creating the nuisance and, therefore, General Statutes § 13a-149 is the plaintiff's exclusive remedy. The parties each filed a memorandum of law containing arguments grounded in the erroneous presumption that there exists a common law cause of action in nuisance in the instant context. More accurately stated, the law reveals that, "pursuant to the Tort Reform Act of 1986, an action under the highway defect statute, 13a-149, is a plaintiff's exclusive
remedy against a municipality . . . for damages resulting from injury to any person or property by means of a defective road . . . ." (Emphasis added; internal quotation marks omitted.)Steele v. Stonington, 224 Conn. 217, 220, 622 A.2d 551 (1993), quoting Sanzone v. Board of Police Commissioners, 219 Conn. 179,192, 592 A.2d 912 (1991); see also Martin v. Plainville,240 Conn. 105, 109, 689 A.2d 1125 (1997). As a result, the proper motion should be predicated on the legal sufficiency of the complaint, not on a claim that there are no genuine issues of material fact to be litigated. See Aetna Casualty Surety Co. v.Jones, 220 Conn. 285, 293, 596 A.2d 414 (1991). "The substance of the motion, therefore, is more accurately described as a motion to strike." Id. See, e.g., Bishop v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 149381 (November 17, 1999, Pelligrino, J.) (defendant's motion to strike common law nuisance claim granted because § 13a-149 was the plaintiff's exclusive remedy for injuries caused by a defective sidewalk). Under such circumstances, the motion for summary judgment is treated "as if it were properly presented as a motion to strike." Id.
In Steele v. Stonington, supra, 224 Conn. 217. the defendant municipality filed a similar motion for summary judgment on the grounds that the plaintiff's action was based on negligence rather than his exclusive remedy under § 13a-149. See id., 218-19. A summary judgment was the proper procedural vehicle because, although the plaintiff's allegations sounded in negligence, the Court allowed the complaint, along with the other pleadings submitted, to be analyzed pursuant to the requirements set out to proceed under § 13a-149. See id., 220-21. The CT Page 4625 Court reasoned that "if differences do exist between an action predicated on the municipal highway defect statute and negligence, that difference . . . is paper thin." Id., 220-21; see also Fragomeni v. City of Middletown, Superior Court, judicial district of Middlesex, Docket No. 074570 (May 10, 1995,Aurigemma, J.). The instant case is distinguishable because the plaintiff's complaint is grounded solely in nuisance and is devoid of any allegations of negligence.
Section 13 of the Tort Reform Act, now General Statutes §52-557n,[1] governs municipal liability and specifically bars any action for injury to a person caused by a defective road unless it is brought pursuant to § 13a-149. See Sanzone v. Board ofPolice Commissioners, supra, 219 Conn. 192; see also Cook v.Turner, 219 Conn. 641, 643, 593 A.2d 504 (1991). "The statute, as construed by our Supreme Court, also [encompasses] injuries caused by defective public sidewalks." Rodriguez v. New Haven,183 Conn. 473, 474 n. 1, 439 A.2d 421 (1981). See, e.g., Martin v.Plainville, supra, 240 Conn. 109 (court held § 13a-149 was the sole remedy for injuries caused by a defective sidewalk alleged to be a nuisance); Bishop v. City of Waterbury, supra, Superior Court, Docket No. 149381 (same). Therefore, an action under the highway defect statute, § 13a-149, is this plaintiff's exclusive remedy against the Town for injuries resulting from an allegedly defective sidewalk. See Sanzone v.Board of Police Commissioners, supra, 219 Conn. 192. Accordingly, count three of the plaintiffs complaint alleging a common law action in nuisance should be stricken as this action is now barred by § 52-557n which provides the plaintiff with an exclusive remedy under § 13a-149. The defendant's motion for summary judgment on count three of the plaintiff's complaint is hereby granted.
BY THE COURT
Hon. Andre M. Kocay, J.