[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION RE: MOTION TO STRIKE #104
This action arises out of an alleged slip and fall by the plaintiff, Maria Anchini, on or about June 15, 1997, into a depressed pavement area of Whitewood Road in Waterbury, Connecticut. Anchini filed a revised two count complaint on November 23, 1998, alleging in count one that the defendant, City of Waterbury, breached its duty to keep and maintain the streets within its territorial limits in a reasonably safe condition. Anchini further alleges a public negligent nuisance claim against the City in count two of her revised complaint. On December 16, 1998, the City filed a motion to strike count two of Anchini's revised complaint. Subsequently, on July 21, 2000, the City filed a supplemental motion to strike count two of Anchini's revised complaint asserting that the City can only be held liable in nuisance in situations where it has created and maintained a nuisance and that General Statutes § 13a-149 is the exclusive remedy available to Anchini for injuries arising from a defective highway.
As required by Practice Book § 10-42, the City has filed memoranda in support of its motion to strike and in support of its supplemental CT Page 14792 motion to strike. Anchini did not file an objection or memorandum in opposition to either motion.[1]
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra, 825.
The City argues that count one of Anchini's revised complaint was brought pursuant to General Statutes § 13a-149, commonly referred to as the defective highway statute, and that count two was brought as a common law, public negligent nuisance claim. The City contends that § 13a-149 is the exclusive remedy available to Anchini for injuries arising from a defective highway. The City further argues that a municipal corporation can be held liable in nuisance only in situations where it has created and maintained a nuisance.
General Statutes § 13a-149 provides in part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes § 52-557n (a)(1) provides in part that "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . acts of the political subdivision which constitute the creation or participation inthe creation of a nuisance; provided, no cause of action shall bemaintained for damages resulting from injury to any person or property bymeans of a defective road or bridge except pursuant to section 13a-149." (Emphasis added.)
In Sanzone v. Board of Police Commissioners, 219 Conn. 179, 592 A.2d 912
(1991), the court construed § 52-557n "to provide that an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.) Id., 192. The court did not construe § 52-557n "to bar a plaintiff from CT Page 14793 asserting causes of action in tort against those individuals whose actual conduct was a proximate cause of the injury." Id., 192-93. Further, a highway defect has been defined as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." (Internal quotation marks omitted.) Id., 202; see also Wenc v. NewLondon, 235 Conn. 408, 409, 667 A.2d 61 (1995); Cook v. Turner,219 Conn. 641, 593 A.2d 504 (1991).
In this action, Anchini alleges a common law public negligent nuisance claim against the City in count two of her revised complaint for injuries suffered as a result of her slip and fall into a depression area at 25 Whitewood Road in Waterbury, Connecticut. The courts, however, have made it clear that "a common law action for nuisance is barred by § 52-557n. . . ." Cook v. Turner, supra, 219 Conn. 643.
The court finds that the second count of Anchini's revised complaint which alleges a common law public negligent nuisance claim against the City must fail, because General Statutes § 13a-149 is the exclusive remedy for a claim involving a highway defect. Accordingly, the City's motion to strike count two of Anchini's revised complaint is granted.
So ordered. November 29, 2000.
BY THE COURT
PETER EMMETT WEISE, J.