GRACE HORNYAK *v.* TOWN OF FAIRFIELD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued May 5—decided July 5, 1949.

*Pierce J. Gerety,* with whom, on the brief, was *Henry A. Tilghman,* for the appellant (named defendant).

*Albert A. Garofalo,* with whom, on the brief, was *Harriet L. Garofalo,* for the appellee (plaintiff).

JENNINGS, J.  The basic question may be stated as follows: Is a town liable for damages for injuries suffered as a result of a fall on a defective sidewalk which was within the boundaries of a state highway? The trial court answered this question in the affirmative and the town has appealed.

The finding cannot be corrected in any respect material to the appeal. The northerly terminus of Reef

Road in Fairfield is the Boston Post Road, a heavily traveled state trunk-line highway. Prior to 1930 a public concrete sidewalk had been constructed along the north and east sides of a building at the southwest corner of the intersection. In 1930 the state highway department established boundaries for the Post Road at this point. The south boundary ran substantially parallel to and seven feet south of the south curb of the Post Road. It included in the state highway all of the sidewalk on the west side of Reef Road between the boundary and the south curb of the Post Road and, as extended across Reef Road, a portion of the latter. The state highway department reconstructed the surface of both roads used for vehicular traffic within the Post Road's new boundaries and laid the adjacent curbs. The sidewalk rested on top of the curb. The surface of the sidewalk at the west curb of Reef Road within the state highway boundaries was defective. The plaintiff, in the exercise of due care, was injured as a result of a fall at this point. The curb was not separated from the sidewalk in any way, even by a mark. Since 1930 all of the sidewalk at the southwest corner of the intersection, both within and without the boundaries of the state highway, had been under the exclusive supervision and control of the town. It inspected the sidewalk from time to time and actually knew of the defective condition. It did not appear whether the state or the town had reconstructed the sidewalk. The trial court concluded that the town should be held liable under General Statutes, Rev. 1930, § 1420 (Rev. 1949, § 2126), and that "Although the defective condition which was the sole cause of the plaintiff's injuries lay within the boundaries of the Post Road, the State Highway Department, by its not assuming control over the sidewalk in question, is not liable."

A town is not liable for highway defects unless made so by statute. *Beardsley* v. *Hartford,* 50 Conn. 529, 537. Section 1420, imposing liability for such injuries, reads in part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ." The word "road" as used in the statute has usually been construed to include a sidewalk. *Manchester* v. *Hartford,* 30 Conn. 118, 121. The statute imposes no liability on towns eo nomine. It imposes liability on the "party bound to keep it in repair." *DeCapua* v. *New Haven,* 126 Conn. 558, 13 A. 2d 581.

Towns have the right to construct and maintain sidewalks. General Statutes, Rev. 1930, §§ 482, 455 (Rev. 1949, §§ 631, 632). There is no finding that the sidewalk in question was constructed by the state. It was in existence when the state highway boundaries were fixed in 1930. At that time the state had no statutory authority to construct or maintain sidewalks except on bridges. This authority was first conferred by General Statutes, Cum. Sup. 1939, § 422e (as amended, Rev. 1949, § 2242). The only reasonable inference is that none of the sidewalk was constructed by the state. The trial court has found on sufficient evidence that it was under the exclusive supervision and control of the town.

In 1929 the question arose as to the liability of the highway commissioner for an injury incurred on a sidewalk within the limits of a state highway. The trial court sustained a demurrer to a complaint based on that situation. *Moleske* v. *MacDonald,* 109 Conn. 336, 146 A. 820. This court held that the statutes dealing with state highways and the duties of the highway commissioner were concerned with vehicular traffic and the incidents thereof, that sidewalks are subjects

of purely local interest and that the statutes did not impose upon the commissioner any legal obligation for the condition of the sidewalk in question. The case was decided under the statutes in force at that time. Many are cited. It controls the case at bar unless there is some distinguishing feature in the facts or by reason of statutes since passed.

The factual difference on which the town insists is that, in the case at bar, the state laid the curbs and the defect was in "the outer edge of the sidewalk as it rested on top of the curb," while in the *Moleske* case the state had done nothing with the sidewalk. This is not a valid distinction. The defect was still in a sidewalk which was not constructed by the state and of which the town had retained the exclusive supervison and control. As is noted above, there is no dividing line separating the curb from the rest of the sidewalk.

The statute in force in 1946 when the plaintiff was injured was General Statutes, Sup. 1943, § 310g. It provided that the highway commissioner, with the agreement of the town, could construct footpaths and sidewalks on state highways and charged him with the maintenance of such ways. It does not affect the situation in the case at bar because, as in *Griffith* v. *Berlin*, 130 Conn. 84, 88, 32 A. 2d 56, there is no finding that the state constructed the sidewalk in question. The state was not chargeable under the statute with maintenance of the sidewalk and had not in fact assumed control.

The decision was correct under *Moleske* v. *Mac-Donald*, supra, and, while the determination of liability, as between the state and the town, for injuries caused by defective sidewalks on state highways is not free from difficulty, we are not prepared to overrule that case at this time.

There is no error.
In this opinion the other judges concurred.