[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint filed November 8, 1993, the plaintiff brings this action pursuant to General Statutes 13a-149 against the City of New London and Seymour Manheimer, Executor of the Estate of Clara Manheimer. The plaintiff alleges the following facts to be true. On May 21, 1993, at approximately 9:21 A.M., the plaintiff, Flossie Porter, was walking in a westerly direction along the sidewalk directly in front of the entrance to a building known as "38 Golden Street" on the north side of Golden Street in New London, Connecticut. The sidewalk contains a "hatchway" consisting of two steel plate doors or covers and a three-inch wide steel plate frame situated below the surface of the abutting sidewalk, thereby creating a ridge or depression, causing a portion of the sidewalk to be uneven. Consequently, the plaintiff tripped and fell on this portion of the sidewalk, sustaining numerous personal injuries. The plaintiff brings this action pursuant to General Statutes 13a-149 and also alleges that both defendants' actions constituted a nuisance. On November 18, 1993, the defendant City of New London filed a motion to strike count three of the plaintiff's complaint and an accompanying memorandum of law. The defendant argues both that General Statutes 13a-149 is the plaintiff's sole remedy against the defendant and that a common law nuisance claim may not lie against a municipality. On November 22, 1993, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike. The plaintiff argues that both a common law nuisance action and a claim pursuant to General Statutes 13a-149 may be pleaded in one complaint.
Pursuant to Practice Book 152, a motion to strike may be brought to test the legal sufficiency of a complaint or any of its counts. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). This includes the facts necessarily implied and fairly provable under the allegations but does not include, however, the legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
The defendant argues that General Statutes 13a-149 is CT Page 188 the exclusive remedy for injuries allegedly sustained as a consequence of a highway defect. The plaintiff argues, however, that a plaintiff is permitted to advance alternative theories of liability in its complaint. Because the facts in the first count of the plaintiff's complaint may be insufficient to establish liability under General Statutes 13a-149, the plaintiff argues that the third count of the plaintiff's complaint is appropriate.
General Statutes 13a-149 imposes liability on municipalities for injuries or damages caused by defective highways, bridges or sidewalks. Ryszkiewicz v. City of New Britain, 193 Conn. 589, 594, 479 A.2d 793 (1984). The duty imposed on the municipality by the defective highway statute is to exercise reasonable care to make and keep its roads in a reasonably safe condition for a reasonably prudent traveler. Donnelly v. Ives, 159 Conn. 163, 167, 268 A.2d 406 (1970).
General Statutes 52-557n, which governs the liability of political subdivisions and their employees, officers and agents, provides, in pertinent part:
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to personal property caused by: . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
Connecticut courts have strictly interpreted this provision and have held that General Statutes 13a-149 is the exclusive remedy for damages resulting from injury to any person or property by means of a defective road or bridge. Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991); Cook v. Turner, 219 Conn. 641, 643, 593 A.2d 504 (1991).
The plaintiff's injury was allegedly caused by a defect in the sidewalk. The word "road" as used in General Statutes13a-149 has usually been construed to include a sidewalk. Hornyak v. Fairfield, 135 Conn. 619, 621, 67 A.2d 562 (1949). Therefore, the highway defect statute applies to the present CT Page 189 case. Id. An action in nuisance may not be brought as a result of a defect in a highway because the highway defect statute is a plaintiff's exclusive remedy. Sanzone v. Board of Police Commissioners, supra, 192. The defendant's motion to strike count three of the plaintiff's complaint is granted.
Austin, J.