[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT DEPARTMENT OF TRANSPORTATION'S CROSS MOTION FOR SUMMARY JUDGMENT
On September 29, 1993, the plaintiff, Audrey Mascaro, filed a three count complaint against the defendants, George and Gertrude Lathrop, the Town of Suffield [Suffield] and the State of Connecticut Department of Transportation [DOT]. The complaint arises out of injuries suffered by the plaintiff CT Page 6591 when she tripped on a section of public sidewalk in Suffield that abutted the Lathrops' property. The plaintiff alleges negligence against the Lathrops, a defective highway claim against Suffield pursuant to General Statutes § 13a-149, and a defective highway claim against the DOT pursuant to General Statutes § 13a-144.
On November 5, 1993, the plaintiff filed a motion for summary judgment, with a supporting memorandum, against the Lathrops. The plaintiff claimed that there was no genuine issue of material fact because the Lathrops were solely responsible for the repair of all defects in the sidewalk located in the front of their house. On November 19, 1993, the Lathrops filed an objection to the plaintiff's motion for summary judgment and a cross motion for summary judgment with a supporting memorandum and documents.
On November 24, 1993, the plaintiff filed a motion for summary judgment, with a supporting memorandum, against Suffield. The plaintiff claimed that there was no genuine issue of material fact that Suffield was responsible for the maintenance and control over the sidewalk upon which the plaintiff fell.
On December 28, 1993 the plaintiff filed a motion for summary judgment, with a supporting memorandum, against the DOT "because there is no issue as to the material fact that the sidewalk on which the plaintiff fell was within the right of way maintained by the DOT." The DOT filed a memorandum in opposition to the plaintiff's motion for summary judgment on January 24, 1994.
On January 24, 1994, the DOT filed a cross motion for summary judgment, with a supporting memorandum, affidavit and other documents, claiming that there is no genuine issue of material fact concerning the lack of a duty on the DOT's part to maintain or repair the sidewalk. The DOT argues that "[t]herefore, there is no basis for liability against this defendant under the allegations of the plaintiff's complaint." The plaintiff filed no memorandum or documentary evidence in opposition to the DOT's cross motion for summary judgment.
On March 2, 1994, the plaintiff withdrew her case against Suffield. On April 13, 1994, the court, Hennessey, J., denied the plaintiff's motion for summary judgment against the CT Page 6592 Lathrops and granted the Lathrops' cross motion for summary judgment.
The DOT's cross motion for summary judgment is presently before the court.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989); Practice Book § 384.
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382, 384
(1971). The burden of proof remains with the moving party and the evidence must be viewed in a light most favorable to the non-moving party. See Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990).
In reaching a decision on a summary judgment motion, the basic test employed by the court is whether the moving party would be entitled to a directed verdict on the same facts. See Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982); United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 380, 260 A.2d 596 (1969). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil, supra; Vuono v. Eldred, 155 Conn. 704, 705, 236 A.2d 470
(1968).
General Statutes § 13a-144 states: CT Page 6593
 Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain proscribed cases."Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983), citing Baker v. Ives, 151 Conn. 259, 262-63, 196 A.2d 596
(1963).
The DOT argues that it was not responsible for the maintenance and repair of the subject sidewalk. The plaintiff has alleged in her complaint that "the subject sidewalk was possessed, maintained and controlled by the defendant, State of Connecticut Department of Transportation." The DOT has offered the affidavit of Russell Kozey, Transportation Maintenance Manager for the DOT, which states that the DOT "does not now and did not on September 2, 1991 own or maintain the sidewalk adjacent to North Main Street in the Town of Suffield, Connecticut and specifically the area of the sidewalk abutting 343 North Main Street." (Kozey Affidavit, para. 6). Kozey also states that the DOT "is not and was not on September 2, 1991, responsible for the maintenance or repair of the sidewalks adjacent to North Main Street in the Town of Suffield, Connecticut and specifically the area of the sidewalk abutting 343 North Main Street." (Kozey Affidavit, para. 7). The DOT also offers a copy of its request for admissions from Suffield. Admission #1 states:
 Ownership and maintenance of the sidewalk located on the west side of Route 75 in the Town of Suffield, State of Connecticut, where the incident which is the subject of the Complaint allegedly occurred, was on or before August 29, 1993 the duty of the Town of Suffield.
CT Page 6594
Suffield denied this admission stating that "Chapter 15 of the Town of Suffield Ordinances places the burden of maintaining the sidewalks on the abutting landowner." Admission #2 states that the DOT "was not on August 29, 1993 responsible for the maintenance or repair of the sidewalk area located on the west side of Route 75 in Suffield, Connecticut." Suffield admitted this fact.
The plaintiff argued at short calendar that, because the sidewalk is in the right of way of the state highway, the DOT is responsible for the maintenance and repair of the sidewalk. The plaintiff offers no documentary evidence in opposition to the affidavits and admissions offered by the DOT.
The Connecticut courts have held generally that "the [Commissioner of Transportation (DOT)] is not liable for injuries occurring upon sidewalks even where built within the limits of the state highway and that this responsibility rests upon the town in which it lies." Faircloth v. Cox, 18 Conn. Sup. 499,500 (Super.Ct. 1954), citing Moleske v. MacDonald,109 Conn. 336, 146 A. 820 (1929); Hornyak v. Fairfield,135 Conn. 619, 67 A.2d 562 (1949); Schoenfeld v. Meriden,136 Conn. 346, 70 A.2d 922 (1949); see also Tuckel v. Argraves,148 Conn. 355, 170 A.2d 895 (1961).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by practice Book § 380, must set forth specific facts that there is a genuine issue for trial, and if he does not respond, the court is entitled to rely upon the facts stated in the affidavits by the movant." Catz v.Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986); Gagnon v.Siemiatkoski[, 6 CSCR 1010 (October 10, 1991, Wagner, J.). Although the court may rely upon the facts stated in the affidavits by the movant, it still remains "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v.Colwell, supra, 251, citing Multi-Service Contractors,Inc. v. Vernon, 193 Conn. 446, 452, 477 A.2d 653 (1984).
Under General Statutes § 13a-144, liability for injuries incurred on a sidewalk is imposed only if the state had a duty to repair the sidewalk. General Statutes § 13a-144; seeHornyak v. Fairfield, 135 Conn. 619, 67 A.2d 562 (1949). The CT Page 6595 DOT has presented documentary evidence that demonstrates that it was not responsible for the maintenance or repair of the subject sidewalk. Other than claiming that the sidewalk is in the right of way of the highway, the plaintiff has failed to present any documentary evidence that the DOT had a duty to repair the sidewalk. The court relies on the facts stated in the DOT's affidavit. See Catz v. Rubenstein, supra. The court finds that, based upon the documentary evidence submitted by the parties, the DOT has satisfied its burden of proving that no genuine issue of material fact exists as to a duty owed under General Statutes § 13a-144 and, therefore, the DOT is entitled to judgment as a matter of law. DOT's cross motion for summary judgment is granted.
Mary R. Hennessey, Judge