[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This proceeding is an appeal from a decision of the Zoning Board of Appeals of the Town of Newtown (hereafter "ZBA") sustaining a cease and desist order issued by the Zoning Enforcement Officer (hereafter "Nicholson") to the appellant precluding him from selling his farm produce from a roadside stand. The appellant is an owner/operator of a farm located in Southbury. His practice apparently was to park on land owned by the state, specifically on a state highway right-of-way within which U.S. Route 6 (a/k/a Church Hill Road) is situated. His intention was to sell produce harvested from his farm to those using the state highway. This was the scenario on July 8, 1993. CT Page 11700
On July 8, 1993, Nicholson executed and served the cease and desist order in issue. He contended that the appellant was "vending farm produce not grown on the premises and without a permit" in violation of Sec. 4.21.100 of the Newtown Zoning Regulations. The appellant instituted a timely appeal of that order to the ZBA, and a hearing was duly held thereon.
The appellant challenges the decision of the ZBA asserting that:
(1) his activity was permitted as a matter of right pursuant to a Newtown ordinance entitled "Vendors, Hawkers and Peddlers";
(2) he had a right to sell his produce as a hawker or peddler pursuant to Chapter 408 of the General Statutes; and
(3) he had a right, regardless of whether he was considered a hawker or peddler, to sell his produce in an area recognized as a business zone pursuant to Sec. 4.11.100 of the Regulations.
The ZBA was not persuaded and issued its order sustaining Nicholson's action.
The appellant argues that the ZBA acted illegally, arbitrarily and in abuse of its discretion by specifying nine (9) errors he recites that the ZBA committed. These are:
(a) finding that the appellant was not a "hawker or peddler" as those terms are employed in Chapter 408 of the General Statutes;
(b) failing to rule on whether the appellant could be considered a "vendor" as that term is employed in the ordinance of the Town of Newtown entitled "Vendors, Hawkers and Peddlers;"
(c) failing to accept his reliance on the ordinance of addressing "Vendors, Hawkers and Peddlers" as authority justifying the appellant's activities occurring upon a street located in the Town of Newtown;
(d) holding that the Zoning Regulations are enforceable against activities occurring on land used for highway purposes and owned by the State of Connecticut;
(e) holding that the Zoning Regulations are enforceable against the "specific activities" attributable to the appellant CT Page 11701 which occurred on land used for highway purposes and owned by the State of Connecticut;
(f) failing to rule on the appellant's contention that his activity was permitted pursuant to Sec. 4.11.100 of the Regulations;
(g) failing to interpret Sec. 4.11.100 of the Regulations as permitting the outdoor sale of farm produce on a temporary, nonpermanent basis;
(h) failing to find that the appellant's activities were permitted in the B-2 (business) zone by virtue of said Sec. 4.11.100 of the Zoning Regulations, despite Sec. 4.21.100 cited by the defendant Nicholson; and
(i) upholding Nicholson's order and denying the appellant's appeal, the ZBA acted against the weight of the evidence and contrary to law.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission 219 Conn. 303, 307. "The question of aggrievement is essentially one of standing."DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373. Unless the plaintiff alleges and proves aggrievement, his or her appeal must be dismissed. At the September 1, 1994 hearing, the court found that the appellant is indeed aggrieved. The factual predicate for this finding has been adequately demonstrated and requires no additional discussion.
A party taking an appeal must also do so by commencing service of process within fifteen days from the date that notice of the decision was published. Section 8-8(b) of the General Statutes. In the instant case, notice of the ZBA's decision was published in the Newtown Bee on September 10, 1993. On September 24, 1993, the appellant served process upon Jean Saint Jean, who accepted service as clerk and statutory agent for service for the Zoning Board of Appeals; William E. Nicholson, who accepted service as Zoning Enforcement Officer; and Cynthia S. Curtis, who accepted service as clerk of the Town of Newtown and statutory agent for service for the Town. The appeal is obviously timely.
In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted CT Page 11702 unreasonably, arbitrarily, illegally or in abuse of its discretion. Smith v. Zoning Board of Appeals, 227 Conn. 71,80. The burden of proof is on the appellant to demonstrate that the board acted improperly. Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440.
The appellant has offered several arguments in support of his appeal. The first of these is that the Commissioner of Transportation has jurisdiction over state owned land which is part of or immediately adjacent to roads which are part of the state highway system to the exclusion of a municipal zoning enforcement officer acting under local zoning regulations. The second is the "police power" of the state to govern the activities of the appellant has been exercised under Chapter 408 of the Connecticut General Statutes and the Newtown ordinance entitled "Vendors, Hawkers and Peddlers" adopted March 13, 1958. The last one is perhaps as conclusory as it is argumentative. The interrelationship between Secs. 4.21.100 and 4.11.100 is such that the appellant's activities should be considered permitted if they were taking place on private property in a general business B-2 zone.
Nicholson issued the cease and desist order under the authority of Sec. 4.21.100 of the Newtown Zoning Regulations.[1] The appellant contends that since U.S. Route 6/Church Hill Road is a state highway, only the Commissioner of Transportation is vested with authority to regulate, to the exclusion of town zoning authorities, the use of such land. He cites Chapter 408 of the General Statutes,[2] along with a local ordinance which he opines was enacted pursuant to that Chapter, in support of his position.[3] The appellant contends that the legislature has retained the "police power" over the appellant's activities by virtue of the farmer's exemption as contained in Sec. 21-37 and the General Statutes.
The ZBA would refute his hypothesis by asserting that it can regulate, pursuant to the zoning power, what activities a private citizen conducts upon state owned property located adjacent to a state highway. It recites that the "Commissioner of Transportation does not exercise exclusive jurisdiction over the land outside the travelled portion of a state highway but adjacent to it," citing Hornyak v. Fairfield, 135 Conn. 619; Sec.14-307(a); and Sec. 21-37 of the Statutes as its authority. That quotation does not appear in Hornyak. It further postulates that zoning is concerned with the uses of property and CT Page 11703 not the ownership, and concedes that local zoning is unable to control what the state does on its property. However, it argues that even land owned by the United States is subject to zoning laws when the use of that land is by a private party, and cites to Dupuis v. Submarine Base Credit Union. Inc.,170 Conn. 344 as its authority for that proposition.
Finally, it claims that Sec. 21-37 does not apply to the appellant's activities. The ZBA found that the appellant was not considered to be a "hawker" or "peddler" within the meaning of the cited statute. Therefore, it argues that Sec. 4.21.100 of the Regulations applies to Mitchell's use of the property located alongside the state highway, and since he was vending farm products not grown on the premises, without a permit, his appeal should be dismissed.
In the present case, both parties extensively argue whether a local town can exercise concurrent jurisdiction with the state with regard to state owned property. It is unnecessary for the court to address this issue, as Nicholson, and subsequently the ZBA, have failed to satisfy the threshold requirement of demonstrating action under any proper zoning authority in issuing the cease and desist order.
At the outset, the ZBA found that Mitchell was not, in fact, operating as a hawker or peddler. A trial court is not at liberty to substitute its judgment for that of a local authority.Frito-Lay. Inc. v. Planning Zoning Commission,206 Conn. 554, 572-73. That rubric applies specifically here. The trial court is not at liberty to substitute its judgment for that of the ZBA, and the question of whether or not the appellant was operating as a hawker or peddler is not before the court. Consequently, the action cannot be justified under Secs. 21-36
and 21-37.
The reliance Nicholson and the ZBA offer as justification for its issuance of the cease and desist order under Sec. 4.21.100 of the Regulations is inapposite. A plain reading of that section clearly indicates that it only provides for the regulation of roadside stands located on the farm land (and/or buildings) upon which the farm produce is grown. It is silent as to regulating a roadside stand located on land wholly apart from the farm upon which the produce was grown.
The only reliance that even remotely applies to the factual CT Page 11704 predicate of the present case is the vendors, hawkers and peddlers ordinance adopted by special town meeting on March 13, 1958. Though the ZBA found that the appellant was not a hawker or peddler, it was silent as to his status as a vendor. The ordinance dispenses with any licensing requirement with regard to "sales by farmers or gardeners of the produce of their farms and gardens. . . ." This is indeed the factual predicate in this case.
Nicholson and the ZBA have not demonstrated action under any proper authority which would have vested him or it with the right to issue the order in dispute. The appeal is, accordingly, sustained, and the cease and desist order is declared to be invalid, null and void.
Moraghan, J.