[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
 FACTS
On January 10, 2000, the plaintiff, Ida L. Engram, filed a one count[1]
complaint alleging negligence against the defendants, Jim McDermott, head of the New London Public Works Department, Rene Racett, superintendent of schools for the City of New London, and the New London Board of Education. The plaintiff also alleges indemnification against the defendant, the City of New London, pursuant to General Statutes §7-465.[2]
The plaintiff alleges the following facts: The plaintiff was employed by Laidlaw Transit as a school bus driver. On December 11, 1997, the plaintiff parked the school bus she was operating in the parking lot of New London High School. As the plaintiff exited the bus, she stepped onto a sidewalk adjacent to the New London High School parking lot. The sidewalk was covered with an accumulation of snow and ice causing the plaintiff to slip and fall. As a result, the plaintiff suffered numerous personal injuries.
The plaintiff alleges that her injuries from the slip and fall were caused by the negligence and carelessness of any or all of the defendants because they failed to insure the removal of the snow and ice from the sidewalk, they failed to warn her of the dangerous condition created by the snow and ice, and/or they failed to erect barriers to prevent the plaintiff and others from walking on the sidewalk. Further, the plaintiff claims indemnification pursuant to § 7-465 against the City of New London.
On March 17, 2000, the defendants filed a motion to strike the plaintiff's complaint on the ground that the plaintiff's claims in negligence are barred by the exclusivity provisions of General Statutes § 13-149.[3] The defendants argue that sidewalks located on public school property are subject to the exclusivity provisions of § 13-149 and that because the plaintiff has not pleaded her claims pursuant to that statute, her complaint is legally insufficient and should be stricken. (Defendants' Memorandum, p. 4.) CT Page 13851
The plaintiff argues in opposition that the sidewalk in question is well removed from the City of New London streets and thus does not fall within the purview of § 13-149. (Plaintiff's Memorandum, pp. 2-3.) The plaintiff argues that the cases that have interpreted the term "road" to include sidewalks have involved sidewalks that actually abut city streets and therefore are not applicable to the facts in the present case. (Plaintiff's Memorandum, pp. 3-4.)
As required by Practice Book § 10-42, the defendants filed a memorandum in support of their motion to strike on March 17, 2000. On August 2, 2000, the plaintiff timely filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
"[A] municipality itself was generally immune from liability for its tortious acts at common law. . . ." (Citation omitted; internal quotation marks omitted.) Williams v. New Haven, 243 Conn. 763, 766, 707 A.2d 1251
(1998). Municipal immunity has been abrogated by § 7-465(a) which provides that "[g]overnmental immunity shall not be a defense in any action brought under this section." "Section 7-465 (a) effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts by permitting injured plaintiffs to seek indemnification from a municipal employer for such acts under certain circumstances and after conformance with certain statutory requirements, but it did not bar a plaintiff from seeking redress from those employees." Sanzone v. Board of Police Commissioners, 219 Conn. 179, CT Page 13852 193, 592 A.2d 912 (1991); see also Fraser v. Henninger, 173 Conn. 52,56, 376 A.2d 406 (1977) (quite clear that under § 7-465(a) municipality does not assume liability in first instance).
"Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway." (Citations omitted.) Martin v. Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997). "Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries." Id. "[A] town may not be held liable for damages caused by highway defects under § 7-465(a), since this would allow a plaintiff to circumvent the requirements of § 13a-149 by suing a municipal employee and seeking indemnification from the town." Pratt v. Old Saybrook,225 Conn. 177, 180, 621 A.2d 1322 (1993).
To satisfy § 13a-149, "(1) the plaintiff must have sustained an injury by means of a defective road or bridge and (2) the party whom the plaintiff is suing must be the party bound to keep [the location where the injury was sustained] in repair." (Internal quotations marks omitted.)Novicki v. New Haven, 47 Conn. App. 734, 739-40, 709 A.2d (1998). A highway defect is "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." (Internal quotation marks omitted.) Sanzone v. Board of Police Commissioners, supra, 219 Conn. 202. "[A] highway can be considered defective . . . by reason of ice or snow, depending, of course, on the circumstances and conditions" and "that the duty of reasonable care extends to pedestrian travel as well as vehicular travel. . . ." (Citation omitted; internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 429,727 A.2d 1276 (1999).
There is no conclusive precedent as to whether the definition of defective highways also includes parking lots. Instead, our Supreme Court has "set out a fact based test for determining whether an area that is outside the traveled path on a highway can nevertheless fit within the definition of defective highway as provided by § 13a-144." Serranov. Burns, supra, 248 Conn. 427. "The word road or highway as used in the highway defect statute has usually been construed to include sidewalks."Novicki v. New Haven, supra, 47 Conn. App. 740. Where sidewalks have been found to be within the defective highway statute, however, they have been adjacent to or near city streets. See id., 740; Hornyak v. Fairfield,135 Conn. 619, 620, 67 A.2d 562 (1949); Manchester v. Hartford,30 Conn. 118, 121 (1861). CT Page 13853
In the present case, it is not apparent from the complaint that the sidewalk was "in, upon, or near the traveled path of a public road. The plaintiff simply alleges in her complaint that she was injured as she stepped onto a sidewalk located adjacent to a parking lot at the New London High School. When viewed in the light most favorable to the plaintiff, the allegations in the complaint do not bring this case within the purview of § 13a-149. See also Landerman v. Simsbury, Superior Court, judicial district of Hartford, Docket No. 593934 (February 16, 2000, Wagner, J.). Consequently, the motion to strike, which is based entirely upon the application of § 13a-149, may not be granted.
 CONCLUSION
Whether an area that is outside the traveled path of a highway can nevertheless fit within the definition of defective highway as provided by § 13a-149 is a fact based test. Viewing the facts alleged in the complaint in the light most favorable to the plaintiff, it does not appear that the sidewalk on which the plaintiff allegedly slipped was connected to or near a public road. The motion to strike is therefore denied.
D. Michael Hurley, Judge Trial Referee