[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Richard Welter, has brought this negligence action against the defendants, Theresa Ponger, Sheila Gombos, and Kathleen Fiske. The plaintiff alleges the following pertinent facts: on the evening of February 4, 2000, it had begun to snow and the plaintiff was crossing from Ambler Drive onto George Street in Norwalk and had begun to walk south on George Street with his dog. The plaintiff further alleges that he was walking on the side of George Street, against the flow of traffic, because the sidewalks in front of the homes of Fiske and Gombos, both on George Street, were impassable due to an accumulation of snow that had not been removed. The plaintiff claims that as he was walking on George Street, Ponger, who was driving north on this street, lost control of her motor vehicle and skidded into and struck the plaintiff before careening across the street, crashing through a fence, and coming to a stop in Fiske's yard. The plaintiff alleges that the force of the impact threw him some fifteen feet and caused him serious injuries.
In count three of the complaint, the count subject to the motion to strike, the plaintiff alleges that Fiske was negligent in that she failed to clear, or to have cleared, snow and/or ice from the sidewalks abutting her property on George Street (1) when in the exercise of reasonable care she could and should have done so; and (2) was required to do so pursuant to Norwalk Code § 95-10 (C).
The defendant Fiske has moved (#112) to strike count three of the plaintiff's complaint on the ground that the plaintiff's claim against her is legally insufficient as she owes no duty to the plaintiff. "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike." Practice Book § 10-39(a); see also Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v. United TechnologiesCorp., 243 Conn. 66, 68, 700 A.2d 655 (1997). The court "[m]ust . . . CT Page 13771 take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 522-523, 753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
Fiske argues that she owes no duty to the plaintiff as the plaintiff's injuries were not foreseeable as a result of her actions and, therefore, the plaintiff's claim against her is legally insufficient. The plaintiff responds that Fiske owes a duty to him under Norwalk Code § 95-10 (C)[1] and, therefore, the plaintiff has alleged a legally sufficient cause of action. "An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel. "Wilsonv. New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989). In the present case, however, the city of Norwalk has an ordinance pertaining to the clearing of sidewalks which applies to abutting landowners.
Generally, an ordinance providing for the "[i]mposition upon abutting owners of a duty to clear walks of snow and ice . . . is not sufficient to render the individual, instead of the city, liable for injuries sustained by reason of snow or ice thereon." Willoughby v. New Haven,123 Conn. 446, 451, 197 A. 85 (1937). However, "[w]here the intent is totransfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms." (Emphasis added.) Id., 453; see also DeFilippis v. Brezovsky, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153378 (September 8, 1997, Lewis, J.).
In the present case, Norwalk Code § 95-10 (C) clearly and unambiguously states that an owner of land abutting a public sidewalk, and not the municipality, is liable for injuries to a third party due to the presence of ice and/or snow on the sidewalk. Consequently, the plaintiff properly alleged that Fiske owed a duty to him pursuant to Norwalk Code § 95-10 (C). Therefore, the plaintiff has alleged a legally sufficient cause of action and Fiske's motion to strike count three of the plaintiff's complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of October, 2001.
William B. Lewis, Judge T.R. CT Page 13772