[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff has filed a personal injury action alleging that she fell on a defect in the sidewalk abutting premises known as 63 Whitfield Street in Guilford. The named defendants in the plaintiff's action include the Town of Guilford and all tenants leasing portions of a building located at 63 Whitfield Street, as well as the owner of said building. The defendant, Beyond Expectations LLC, hereinafter referred to as "Beyond", is one of the tenants in said building.
Beyond has filed a motion for summary judgment pursuant to Practice CT Page 7342 Book § 17-44 et seq. arguing that the entrance to its portion of the leased premises at 63 Whitfield Street is actually located at 63 Whitfield Alley, which is perpendicular to the location at 63 Whitfield Street where the plaintiff allegedly sustained her injury. Thus, argues Beyond, the premises rented by Beyond do not abut the sidewalk on which the plaintiff fell. Beyond argues, therefore, it is not liable to the plaintiff
The defendant Beyond states that it owes no duty to the plaintiff as owners or possessors of land abutting public sidewalks normally do not assume a duty to keep the sidewalk in a safe condition. Additionally, Beyond argues that its leased premises do not abut 63 Whitfield Street, and therefore, it owes no duty to the plaintiff. In support of its motion for summary judgment the defendant Beyond has submitted affidavits, copies of deposition testimony and the defendant Town of Guilford's admissions that the sidewalk where the plaintiff alleges to have fallen is, in fact, a public sidewalk in the Town of Guilford.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." HertzCorp. v. Federal Ins., Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 583 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp.,
supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225,682 A.2d 106 (1996). The issue of causation is a question of fact for the trier of fact, Abrahams v. Young and Rubicam, Inc., 240 Conn. 300, 307,692 A.2d 709 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id.
The owner or possessor of land that abuts a public sidewalk normally does not assume a duty to keep a sidewalk in a safe condition. Wilson v.CT Page 7343New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989). A town is liable to one who sustains injuries as a result of a defective condition in a public sidewalk. Hornyak v. Fairfield, 135 Conn. 619, 67 A.2d 619 (1949). Towns do have the power, however, to order the repair of sidewalks by adjoining proprietors, and in the event of non-compliance with such orders, may collect from the proprietors the costs of said repairs.Manchester v. City of Hartford, 30 Conn. 118, 121 (1861).
"The maintenance of a highway in a reasonably safe condition for the legitimate use of the traveling public is a governmental duty. That duty belongs to towns, unless imposed in exceptional cases upon some particular persons." Lavigne v. New Haven, 75 Conn. 693, 55 A. 569 (1903).
"Liability can be shifted from a municipality to an individual by statutory or charter provision or by an ordinance adequately authorized by such provision. Being a creature of statute or such ordinance, it can be no greater than that specifically imposed thereby." Willoughby v. NewHaven, 123 Conn. 446, 451, 197 A. 85 (1937). General Statutes § 7-148
(c)(6)(C)(v) states that a municipality may "require owners or occupiers of land adjacent to any sidewalk or public work to remove snow, ice, sleet debris or any other obstruction therefrom, provide penalties for failure to do so, and cause such snow, ice, sleet, debris or other obstruction to be removed and make the cost of such removal a lien on such property." Many municipalities have enacted ordinances requiring abutting landowners to maintain sidewalks and to provide for a penalty, imposed by the municipality, for non-compliance. General Statutes §7-163a provides that should a municipality adopt the provisions of this section, then an abutting landowner shall be liable to third parties injured on a sidewalk due to the accumulation of ice and snow, if the injury is the result of the abutting landowner's failure to remove the ice and snow.
In the instant matter, there are no allegations by the plaintiff that her injuries were caused by an accumulation of ice and snow on the sidewalk abutting 63 Whitfield Street, Guilford. Rather the allegations are that she was caused to fall by an accumulation of leaves that covered a hole in the sidewalk.
There are no similar existing provisions that give a third party the right to bring a lawsuit against an abutting owner for injuries due to defects other than snow or ice. The duty to the plaintiff is that of the municipality. The defendant Beyond cannot be held responsible for negligence arising from a duty owed to the plaintiff, where the defendant Beyond owed no duty to the plaintiff. Stevens v. Neligon, 116 Conn. 309,312, 164 A. 661 (1933). CT Page 7344
While Willoughby v. New Haven, supra, and Stevens v. Neligon, supra, involved falls on snow and ice, the rule is applicable in repair and maintenance situations. Unless a municipal ordinance specifically states an intention to impose liability on an abutting landowner, there is no liability. "Where the intent is to transfer liability from the municipality to another, there is no difficulty in expressing it in unmistakable terms . . ." Defillips v. Brezovsky, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153378, (September 8, 1997, Lewis, J.), 30 CLR 460. Absent a specific intent on the part of a municipality to transfer liability to a landowner, the only path to establishing an abutter's liability is to state a claim for "negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by the positive acts of the defendant." Gambardella v. Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877
(1995) (citing Perkins v. Weibel, 132 Conn. 50, 52, 42 A.2d 360 (1945);Hanlon v. City of Waterbury, 108 Conn. 197, 200, 142 A. 681 (1928).
In Dreher v. Joseph, 60 Conn. App. 257, 759 A.2d 114 (2000), the rule of law that abutting landowners owe no duty to third parties to keep public sidewalks in good repair, was upheld. The Appellate Court noted that unless the abutting landowner creates a defect through some positive act, there is no duty, and thus, no liability. Id.
The plaintiff argues that she has alleged a positive act in that the defendants allowed "leaves to accumulate on said walk, thereby concealing and covering from view the cracked surface thereof." The court rejects this allegation as one of a positive act by the defendants. With or without the defendant Beyond, the leaves would have fallen and accumulated. Allowing leaves to fall from a tree and to accumulate cannot be considered a positive act by the defendant Beyond. Absent any positive act, the defendant Beyond Expectations owed no duty to the plaintiff and cannot be liable for her injuries.
Additionally, the court finds that even if an abutting owner or possessor of land did owe a duty to the plaintiff to maintain the sidewalk where the plaintiff alleges to have sustained her injuries, the defendant Beyond's portion of the leased premises did not abut 63 Whitfield Street, Guilford. A review of the deposition testimony and affidavits submitted by the defendant Beyond establishes that the entrance to Beyond's leased portion of the subject premises is around the corner and down a different street. The defendant Beyond was not a possessor of land abutting the premises where the plaintiff allegedly fell.
Accordingly, for the reasons set forth herein the motion for summary judgment filed by the defendant Beyond Expectations, LLC and dated March 9, 2001 is hereby granted. CT Page 7345
By the Court,
By: Arnold, J