[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants have moved to strike the first and third counts of the amended complaint of plaintiff Thomas E. Albon, who brings this action as executor of the estate of Robert H. Albon, seeking damages for injuries the decedent sustained when he fell on stairs leading to a sand trap on the Farmingbury Hills municipal golf course.
In the first count, the plaintiff alleges that the stairs on which his decedent fell consisted of blocks placed into a slope to form the treads of steps and that these stairs, which the plaintiff alleges "provided an extremely narrow step with various heights and distance between each step," (Amended complaint, para. 11) constituted a public nuisance. The plaintiff names as defendants in this count the Town of Wolcott; the Farmingbury Hills Commission; the individual members of that Commission; the superintendent of the golf course, Wayne Urban, and the manager of the golf course, Fred Carey.
In the third count, the plaintiff alleges that the stairway leading from the sixth green to the nearby sand trap was a public walkway, that it was defective, and that the defendant Town of Wolcott and the Farmingbury Hills Commission are liable under the defective highway statute, Conn. Gen. Stat. § 13a-149.
In the second count, which is not challenged by the defendants, the plaintiff alleges that the defendants negligently maintained a defective premises.
Standard of review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Vacco v. Microsoft Corp., 260 Conn. 59, 65 (2002); Sherwood v.Danbury Hospital, 252 Conn. 193, 213 (2000); Novametrix Medical Systems,CT Page 15355Inc. v. BOC Group, Inc., 224 Conn. 210, 214-215 (1992); Ferryman v.Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. Suffield Development Associates Ltd. Partnership v.National Loan Investors, L.P., 260 Conn. 766, 772 (2002); ATC Partnershipv. Windham, 251 Conn. 597, 603, cert. denied, 530 U.S. 1214 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 520 U.S. 1103 (1996).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Vacco v. Microsoft Corp., supra, 260 Conn. 65; Gazo v. Stamford,255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670, 675 (1996);Sassone v. Lepore, 226 Conn. 773, 780 (1993); Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts necessarily implied and fairly provable under the allegations."Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993).
Count One — Public Nuisance
In this count, the plaintiff alleges that the steps from the sixth hole of the municipal golf course into the nearby sand trap constituted a public nuisance because they were not designed, constructed, inspected, maintained or repaired in a safe manner for the use and purpose intended, did not have a handrail or warning signs, and were not properly inspected. Additionally, the plaintiff alleges that the means provided for descending the slope to the sand trap had "an uneven and unreasonable step with varying rise and distance between each step" and that the defendants "allowed the steps to exist in a hazardous and dangerous condition for an unreasonable period of time." (Amended complaint, para. 14). The plaintiff's allegations in this count are the same as his allegations in the second count, in which he claims that his decedent was injured by the defendants' negligence in maintaining a defective condition on their premises. The defendants Town of Wolcott and the Farmingbury Hills Commission have moved to strike this count on the ground that the plaintiff has failed to allege the elements of a claim in public nuisance.
Specifically, the movants claim that the plaintiff has
1) failed to allege that the danger created was a continuing one; CT Page 15356
2) failed to allege that the use of the land was unreasonable or unlawful;
 3) failed to allege that the condition complained of was created as a result of some positive act on the part of either defendant.
The Connecticut Supreme Court recently discussed the elements of a claim of public nuisance in the course of distinguishing them from the elements of a claim of private nuisance in Pestey v. Cushman, 259 Conn. 345, 355-57
(2002):
This court has stated often that a plaintiff must prove four elements to succeed in a nuisance cause of action: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages." Walsh v. Stonington Water Pollution Control Authority, [250 Conn. 443,] 449 n. 4 [(1999)], quoting Filisko v. BridgeportHydraulic Co., 176 Conn. 33, 35-36 (1978); State v.Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183 (1987); see alsoKostyal v. Cass, 163 Conn. 92, 99-100 (1972).
The Supreme Court cited the definition of "public nuisance" provided by Section 821B of the Restatement (Second) of Torts: "an unreasonable interference with a right common to the general public." The Court noted that "[t]he rights common to the general public can include, but certainly are not limited to, such things as the right to use a public park, highway, river or lake." Pestey v. Cushman, supra, 259 Conn. 356, citing State v. Tippetts-Abbott-McCarthy-Stratton, supra, 204 Conn. 183; § 821D, comment (c).
By alleging that the allegedly dangerous steps to the sand trap existed and continued to exist at the golf course, the plaintiff has sufficiently alleged a danger of a continuing nature, rather than a transient condition. The details pleaded by the plaintiff concerning the configuration and condition of the steps is sufficient pleading of unreasonableness, and the determination whether the steps indeed constituted an unreasonable use of the land is an issue of proof, depending on the consideration of the various factors relevant to the determination of reasonableness. Filisko v. Bridgeport Hydraulic Co.,176 Conn. 33, 36 (1978).
In addition to the elements cited above, the Connecticut Supreme Court CT Page 15357 has ruled that a municipality is not liable for a public nuisance unless the nuisance was created by the positive act of the municipality.
Finally, in order to overcome the governmental immunity of municipal defendants where it applies, the plaintiff must prove that the defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance.
Elliott v. Waterbury, 245 Conn. 385, 421 (1998).
Except where a strong public policy such as that manifested by the environmental protection statutes applies, a municipality is not liable for nuisance "if its conduct were merely negligent nonfeasance."Keeney v. Old Saybrook, 237 Conn. 135, 164, 166 (1996):
Indeed, we have stated that "failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability in nuisance upon a municipality." Lukas v. NewHaven, [184 Conn. 205], 209-210 [(1981)]; Brennan v. West Haven, [151 Conn. 689], 693 [(1964)]; see Sheeler v. Waterbury, 138 Conn. 111,115 . . . (1951) Keeney v. Old Saybrook, supra,237 Conn. 164.
The plaintiff has alleged, albeit in a vague manner and in the passive voice, that "the steps were designed, constructed, maintained and repaired to provide an uneven and unreasonable step with varying rise and distance between each step. " (Amended complaint, para. 14(b).) Read in the manner required in adjudicating a motion to strike, the plaintiff has alleged that the defendants created the alleged nuisance by the positive act of constructing the steps. Under this allegation, the plaintiff could adduce proof that one or both of the defendants sued in this count intentionally created the condition claimed to constitute a nuisance by constructing the steps in the manner alleged to be unreasonable and dangerous to members of the public. A municipality's construction of sidewalk that had a steep-sided depression in it was found to be a positive act upon which the plaintiff could recover in public nuisance inBeckwith v. Stratford, 129 Conn. 506 (1942).
Under the standard applicable to review of the adequacy of pleadings upon a motion to strike, the plaintiff has alleged some facts that, if proven, would support liability for a public nuisance. The court does not, by so ruling, suggest that each and every allegation in the first count is sufficient to support a nuisance claim, since some of the plaintiff's allegations may not constitute positive acts of a municipal defendant. CT Page 15358
Count Three — Defective Highway Claim
The defendants assert that the third count of the plaintiff's third amended complaint should be stricken because the municipal highway defect statute, Conn. Gen. Stat. § 13a-149, does not authorize a cause of action based on a fall on a municipal golf course. That statute provides in pertinent part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
The Supreme Court has expanded the meaning of "road or bridge" to include sidewalks adjoining roads. Hornyak v. Fairfield, 135 Conn. 619, 621 (1949).
The Supreme Court has ruled that "there is no material difference in the obligation imposed on the state by § 13a-144 and that imposed on municipalities by § 13a-149," Donnelly v. Ives, 159 Conn. 163, 167
(1970); see Smith v. New Haven, 258 Conn. 56, 64 (2001); and the Supreme Court has ruled that the former statute, the state highway defect statute, could support a claim for a fall in a parking lot if that parking lot is located between the highway boundary lines. Serrano v.Burns, 248 Conn. 419 (1999). In Serrano v. Burns, supra, the Court suggested that the applicability of the defective highway statute might depend on "[w]hether there is a defect in such proximity to the highway so as to be considered `in, upon, or near the traveled path' of the highway" and stated that this determination must be made on a case-by-case basis. Serrano v. Burns, supra, 248 Conn. 426. The Court suggested that one consideration would be whether the injury had occurred within the state highway right-of-way line. Serrano v. Burns, supra,248 Conn. 429.
So far as this court has been able to find, however, the Supreme Court has never suggested that an action may be maintained against a municipality under § 13 a-149 for a condition on municipally-owned property that is not associated with roads or the areas immediately adjoining them that are used in matters ancillary to highway travel. The history and purpose of the municipal highway defect statute would appear to preclude the expansion, favored by the plaintiff, of the statute to cover all municipal property upon which people walk. In explaining the statute in 1935, the Connecticut Supreme Court noted that at common law a municipality had no liability for such governmental functions as the maintenance of roads, and that the liability imposed by the precursor to § 13a-149 "is one not known to the common law." Porpora v. NewHaven, 119 Conn. 476, 479 (1935). The Court explained in Porpora that the liability imposed by the municipal highway defect statute is based on the statutory duty of a municipality to maintain the roads and bridges, not a CT Page 15359 cause of action based on negligence. Id.
Similarly, in Frechette v. New Haven, 104 Conn. 83, 87 (1926), the Supreme Court explained that no action lay at common law for an injury to a traveler upon a highway, since the maintenance of roads was a governmental function, but that as early as 1672 a statute was enacted to enforce a town's duty to maintain its streets in reasonably safe condition for travelers.
Where a statute waives municipal immunity, the statutory provisions must be strictly construed. Brennan v. Town of Fairfield, 255 Conn. 693, 704
(2001); Duguay v. Hopkins, 191 Conn. 222, 232 (1983). The exclusion from municipal immunity for injuries caused by defective roads and bridges in § 13a-149 cannot be extended by implication to all areas in which members of the public walk, even if those areas are not roads or bridges or the related pedestrian areas that immediately adjoin them or lie within the boundaries laid out for roads. CT Page 15360
The only appellate ruling in which § 131-149 has been applied to an area owned by a municipality that was not within the boundaries of the roadway or the area alongside the road is Novicki v. New Haven,47 Conn. App. 734, 740 (1998). In that case, the Appellate Court ruled that a walkway that ran from a public street to the rear entrance of a public school was a "highway" within the meaning of § 13a-149. In view of the history of § 13a-149 and the principle that exceptions from municipal immunity are to be narrowly construed, Duguay v. Hopkins, supra, 191 Conn. 232, it is reasonable instead to rely on the language of the statute, its historical purpose, and the Supreme Court rulings cited above, especially since the Supreme Court has never adopted the Novicki
court's expansion of § 13a-149. These sources of the meaning and scope of § 13a-149 lead this court to conclude that this statute does not furnish a remedy to a plaintiff who alleges injury on the sixth hole of a golf course, with no factual allegations to suggest that the area at issue is in any way related to the municipality's statutory duty to maintain roadways for safe use by the public. A slope on a golf course is simply not a road, street, highway, sidewalk or border thereto, and the statute cannot be extended by implication to enlarge the exemption from municipal immunity stated in the actual words of the Highway Defect Statute, as illuminated by its history and purpose.
The court finds that the plaintiff has failed to state a cause of action under Conn. Gen. Stat. § 13a-149.
Conclusion
The motion to strike the first count is denied. The motion to strike the third count is granted. CT Page 15361